**Paul J. PHILLIPS, et al.**

v.

**David B. FULLER.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1986.
Decided April 29, 1987.

Kenneth W. Hovermale, Jr. (orally), Bornstein & Hovermale, Portland, for plaintiffs.

Richard N. Solman (orally), Solman, Page & Hunter, P.A., Caribou, for defendant.

**1222**

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

The plaintiffs, Paul and Catherine Phillips, appeal from an order of the Superior Court (Aroostook County) dismissing their case with prejudice. We conclude that the dismissal was entered erroneously and therefore we vacate the judgment.

In 1981, the plaintiffs filed a complaint against David and Wendell Fuller for injuries resulting from a motor vehicle accident. The case was specially assigned for jury trial on July 22, 1985, at which time all parties and counsel appeared. At that time, both counsel informed the court that the case had been settled and the matter was passed over on the basis of counsels' representation. Thereafter, the plaintiffs changed their minds and refused to execute releases and stipulations of dismissal. More than one month after the scheduled trial date, the defendants moved for dismissal with prejudice claiming that the plaintiffs had violated an order of the court by failing to proceed with trial on July 22. After changing counsel, the plaintiffs responded by moving to restore the case to the active trial list. In an accompanying affidavit the plaintiffs claimed they had agreed to the settlement only because their counsel was unprepared for trial and they were pressured by circumstance.

After hearing, the Superior Court granted defendants motion and conditionally ordered the case dismissed with prejudice unless within seven days the plaintiffs executed a release and carried out the terms of their prior settlement agreement. When the release was not forthcoming, a final order of dismissal was entered. From this order plaintiffs appeal.

■ Our procedural rules permit the trial court to dismiss an action with prejudice on motion of the defendant for failure to obey a court order. M.R.Civ.P. 41(b)(2).

In addition, the trial court has inherent power to consider the sanction of dismissal for failure to appear and prosecute. *See Westbrook v. Wallace*, 478 A.2d 687 (Me. 1984). In the present case, however, we are faced with a change of mind on the part of the clients rather than a failure to obey a court order or a failure to appear and prosecute. The plaintiffs and their counsel did in fact appear on the morning of trial and everyone left the courtroom thinking that the case had been settled. By allowing the case to be passed over without requiring any formal action to effectuate the settlement, defense counsel exposed his client and the court to the uncertainties inherent in an executory accord. *See, Akerley v. Lammi*, 217 A.2d 396 (1966).[1] When the plaintiffs changed their minds, no violation of a court order occurred. Although there may be other remedies and sanctions available, on these facts the action cannot be dismissed pursuant to M.R.Civ.P. 41(b)(2).

The entry is:

Order of dismissal vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. Either the court or defense counsel could have avoided the present problem by requiring a stipulation for the entry of judgment in the amount of the agreed settlement before the parties left the courtroom. The parties are, of course, free to enter into a substituted contract that takes the place of the cause of action.