Paul J. PHILLIPS et al.

v.

David B. FULLER.

Supreme Judicial Court of Maine.

Argued March 10, 1988.

Decided May 26, 1988.

Kenneth W. Hovermale (orally), Bornstein & Hovermale, Portland, for plaintiffs.

E. Allen Hunter, Thomas J. Pelletier (orally), Solman, Page & Hunter, Caribou, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

■ In this personal injury action, on remand following an earlier appeal from a dismissal of the action, *Phillips v. Fuller,* 524 A.2d 1221 (Me.1987), the Superior Court (Aroostook County) entertained a motion by defendant David B. Fuller for the enforcement of a settlement agreement. Counsel for plaintiffs Paul J. and Catherine D. Phillips had allegedly entered into that settlement agreement with defendant's counsel on the eve of the scheduled trial of the personal injury action in 1985. *See id.* at 1222. With plaintiffs' full acquiescence, and in keeping with the way both parties presented their positions on defendant's latest motion, the justice who heard defendant's motion to enforce the settlement agreement treated defendant as having filed both a motion to amend his answer to add an "affirmative defense"[1] and a motion for summary judgment. The justice then denied defendant's motion for summary judgment, finding that genuine issues of material fact relating to the enforceability of the alleged settlement agreement remained to be tried. Defendant has appealed.

By well-established law, the denial of a motion for summary judgment is an interlocutory ruling and is not appealable. *See Olson v. Albert,* 523 A.2d 585, 589 (Me. 1987); *Bigney v. Blanchard,* 430 A.2d 839, 841 (Me.1981); *General Elec. Credit Corp. v. Smith,* 230 A.2d 414, 414 (Me.1967). Accordingly, the entry is:

Appeal dismissed.

All concurring.

1. Defendant's claim seeks to enforce an executory settlement agreement. That contract claim could be asserted by a complaint commencing a separate action under M.R.Civ.P. 3 or by a permissive counterclaim filed under M.R. Civ.P. 13(b) in the pending action that defendant alleges has been settled. What the motion justice and the parties called an "affirmative defense" is the functional equivalent of a counterclaim in the circumstances of this case. Before trial of the facts defendant should amend his answer to set forth his contract counterclaim fully and clearly. The Superior Court might well consider trying the contract counterclaim separately from, and in advance of, any trial of the personal injury action. *See* M.R.Civ. P. 13(i), 42(b).