**Paul J. PHILLIPS, et al.**

v.

**David B. FULLER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 31, 1991.
Decided Feb. 28, 1991.

The parties and the court had agreed, however, that the deposition testimony would be admitted as evidence.

Kenneth W. Hovermale, Jr., Bornstein & Hovermale, Portland, for plaintiffs.

E. Allen Hunter, Solman & Hunter, Caribou, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

ROBERTS, Justice.

This appeal represents the final stage in the protracted litigation arising from a personal injury action filed a decade ago. Following a jury-waived trial the Superior Court (Aroostook County, *Beaulieu, J.*) held that the plaintiffs had breached by anticipatory repudiation a settlement agreement with the defendant and ordered the plaintiffs to perform the settlement agreement by executing a full release upon receipt of $12,000 from the defendant. The plaintiffs appeal that judgment, challenging the specific factual determination that the agreement had not been rescinded. We affirm.

In 1981 Paul and Catherine Phillips filed this personal injury claim against David Fuller for injuries Paul Phillips suffered in a car accident. On the morning of trial the defendant, through his attorney, offered $12,000 to settle the case. The plaintiffs, also through their attorney, accepted the offer. No stipulation was made on the record or entered in the docket. Plaintiffs subsequently changed their minds about the offer and refused to execute a release. The court (*Pierson, J.*), granted the defendant's motion to dismiss the case with prejudice. When the plaintiffs threatened to appeal the dismissal, the defendant's attorney wrote to warn them that the filing of an appeal would be viewed as a repudiation of the settlement contract and that defendants would hold plaintiffs liable for the breach of contract. The plaintiffs appealed, and the defendant's attorney sent a second letter stating that the settlement offer was now "withdrawn." Plaintiffs were successful on their appeal, *see Phillips v. Fuller*, 524 A.2d 1221 (Me.1987), and the case was restored to the trial list.

The defendant then filed a motion to enforce the settlement agreement. The court (*Archibald, A.R.J.*), treating that motion as a new affirmative defense and motion for a summary judgment on the personal injury action, denied the motion. We dismissed the defendant's appeal from that order on the ground that it was not a final judgment. *See Phillips v. Fuller*, 541 A.2d 629 (Me.1988). The defendant next amended his answer to assert a permissive counterclaim, which asked the court to enforce specific performance by the plaintiffs of the original settlement agreement and sought the costs incurred due to plaintiffs' failure to comply with that agreement. The court (*Archibald, A.R.J.*) ruled that the counterclaim would be tried separately and specified that trial would be had on the complaint only if the plaintiffs defeated the defendant's counterclaim.

The central issue at trial was whether the two letters from the defendant's attorney to plaintiffs had effected a rescission of the executory settlement agreement. "[R]escission means a mutual

agreement by the parties to an existing contract to discharge and terminate their duties under it." 5A *Corbin on Contracts* § 1236, at 533 (1964). If either party retains a right to performance or any right to damages for breach of the contract, there has not been a rescission. *See id.* The court correctly found that the letters from the defendant's attorney contemplated the performance of the settlement agreement and that the defendant intended to hold plaintiffs responsible for their nonperformance. The defendant's statement that the settlement offer was "withdrawn" upon plaintiffs' breach was merely a "recognition of the fact that a vital breach ha[d] occurred and an assertion of his own discharge thereby ...; it [was] not an offer to rescind, nor [was] it the acceptance of such an offer." *Id.* § 1237, at 547.

The entry is:

Judgment affirmed.

All concurring.