**Charles E. MOSCONE**

v.

**Philip R. ANDREWS et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 13, 1991.

Decided Dec. 12, 1991.

Joseph T. Walsh, Jr., Bangor, for plaintiff.

Marvin Glazier, Amy L. Faircloth, Vafiades, Brountas & Kominsky, Bangor, James E. Mitchell, Jim Mitchell & Jed Davis, P.A., Augusta, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

The appeal in this fraud action is taken by plaintiff from a judgment for defendants on their counterclaim filed to enforce the settlement of the dispute on the terms that the parties had agreed upon during pendency of the action. In conformance with that settlement agreement, the Superior Court (Penobscot County, *Browne, A.R.J.*) entered summary judgment for defendants Philip R. Andrews, John M. Goodwin, James Otis, and a partnership known as Wabush Associates and dismissed with prejudice the complaint of plaintiff Charles E. Moscone. On Moscone's appeal, we find no merit in his arguments.

In January 1989 Moscone commenced the present action against defendants seeking rescission and damages for alleged fraud worked upon him by defendants in the purchase from him of certain land in Mattawamkeag, as well as damages for the alleged wrongful removal of timber from that land. In the course of the taking of depositions in December 1989, the parties arrived at a settlement agreement of the pending action. Pursuant to the agreement, Moscone had the option of repurchasing the land in dispute for $37,500 at any time within 90 days of the date of the agreement, and if he did not do so his action would be dismissed with prejudice. Moscone opted not to repurchase the land, but rather, five days before the 90–day period had expired he filed a motion to set aside the settlement agreement. Moscone alleged that he had been induced to enter into the settlement by an alleged misrepresentation made by defendant Andrews in his answer to Moscone's interrogatories that the value of the timber removed from the Mattawamkeag land was $11,800.

■ Defendants sought to enforce the settlement agreement by filing a counterclaim in the pending action, a manner of proceeding approved in *Phillips v. Fuller,* 541 A.2d 629, 629 n. 1 (Me.1988). Defendants then moved for summary judgment on their counterclaim. The only defense raised by Moscone to the counterclaim was his allegation that defendants fraudulently misrepresented in Andrews' answer to interrogatories the value of the timber cut. Moscone's evidence on the amount of cutting, however, was not materially different from Andrews' answer to interrogatories. Moscone's expert estimated the value of the timber cut at $13,244, only 11% more than Andrews' figure. Since Moscone failed to generate any genuine issue of material fact on the requisite point that Andrews made the alleged false representation with knowledge of its falsity or in reckless disregard of whether it was true or false, *see Letellier v. Small,* 400 A.2d 371, 373 (Me.1979), summary judgment was properly entered on defendants' counterclaim and Moscone's complaint was properly dismissed with prejudice.

■ Moscone makes a subsidiary argument that the court erred in denying his motion to compel defendants to produce the scaling slips on the timber cut on the Mattawamkeag land. Moscone did not file his motion to compel until late February 1991, long after the deadline of December 30, 1989, that the Superior Court had set for completion of discovery. At no time did Moscone show any basis for relief from that deadline. In view of the lateness of Moscone's discovery request, we find no abuse of discretion on the part of the court in denying it.

The entry is:

Judgment affirmed.

All concurring.