STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-109

RECEIVED & FILED

DEC 0 4 2003

ANDROSCOGGIN
SUPERIOR COURT

JON SCOTT,

Plaintiff

v.

MAINE MUTUAL FIRE
INSURANCE COMPANY,

Defendant

DECISION AND ORDER
FOR ENTRY OF JUDGMENT
ON SETTLEMENT

DONALD L. GARBRECHT
LAW LIBRARY

JAN 1 .. 2004

Plaintiff Jon Scott was the owner of a residence at 701 Pleasant Street in Lewiston. The complaint alleges that sometime between July 8 and 28, 2000 vandals entered into his Lewiston home and caused "thousands of dollars of property damage" and "there was extensive loss by theft of assorted personal property."

Scott filed a claim with his insurer, Maine Mutual Fire Insurance Company (Maine Mutual), which investigated the incident and offered a partial payment in June of 2001. Scott believed that the offer of payment was not sufficient. When the parties were unable to reach an agreement this lawsuit ensued.

After discovery was completed and the court denied defendant's motion for summary judgment, the case was placed on the trial list.

On April 7, 2003, the court held a Trial Management Conference with trial counsel at which time counsel listed their witnesses, exhibits, legal issues, and discussed trial matters with the court. The court also explored the likelihood of a settlement agreement but listed that possibility as "fair."

The parties appeared at court for trial on April 24, 2003. The court was aware that settlement discussions were on-going between the parties and they were given some additional time that morning to continue negotiations before beginning the trial.

After a period of time, the court was informed that a settlement had been reached. Because of the imminency of trial, the presence of the jury and all parties and witnesses, the agreement was recited for the record to memorialize the terms and conditions. (*See* Transcript filed Aug. 27, 2003). plaintiff's counsel stated the following: "It is the payment of a sum of $5,000. It is above and beyond what funds Maine Mutual has already tendered, so this is new money, in a check payable to Jon Scott and his attorney, Scott J. Lynch, and subject to review of a satisfactory release." Upon the court's inquiry, defense counsel agreed. "The settlement will be promised upon a release of all pending claims." Both counsel also agreed that the $5,000 payment is "a lump sum all-inclusive settlement" that does not include an award of costs, interest, or attorney's fees.

After the agreement was placed on the record, the court recessed and the jury was released. The court entered an Order that "docket entries or other documents showing final disposition [shall be] filed within 30 days." Within the 30 days, plaintiff filed a Motion to Enforce Settlement Agreement. Plaintiff states that Maine Mutual has not paid the settlement as agreed and now insists that plaintiff obtain the release of plaintiff's mortgage holder (Peoples Heritage Bank) or a letter whereby the mortgagee agrees to be deleted; that Scott's insurance agency (Bilodeau Insurance) be listed as a party to be released from any claims; and, that Scott agree to indemnify Maine Mutual "from any future claims relating to the contractual relationship."

In reply to plaintiff's motion, Maine Mutual states that it insists on Peoples Heritage as a payee based on the language of the policy that underlies this action, which provides in part:

Section 1 — Conditions[1]

. . . .

10. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

a. Reach an agreement with you;

b. There is an entry of a final judgment; or

c. There is a filing of an appraisal award with us.

. . . .

12. **Mortgage Clause.**

The word "mortgagee" includes trustee.

If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.[2]

In addition, Maine Mutual states that it agreed to the settlement to achieve a final end to the litigation and any and all claims concerning this incident. Maine Mutual does not want to be part of any claims which might be made by any other parties.

Maine Mutual also asserts that plaintiff's attempt to enforce the settlement should be a separate action for breach of contract and cannot be brought by motion.

---

[1] The defendant did not submit a copy of the policy with its reply. The language set out here is from a copy of the policy attached to plaintiff's complaint, Exhibit A, policy number HO 0184418, effective 10/18/1999 to 10/18/2000." The defendant referred to this policy in its Statement of Material Facts in support of the Motion for Summary Judgment. The court considers this as the operable language.

[2] Peoples Heritage Bank of Lewiston, Maine is listed on the face of the policy as mortgagee.

*Phillips, et al., v Fuller*, 586 A.2d 1272 (1991). [3] To the contrary; a motion to enforce a settlement agreement is an appropriate vehicle to enforce the settlement. In *Murphy v. Maddaus*, 2002 ME 24, 789 A.2d 1281, on plaintiffs' Motion to Compel Compliance with Settlement Agreement brought within the principal case, the trial court required the defendant to execute deeds and documents to settle the matter even though the terms of the settlement agreement were to be entered into a formal written agreement at a later time. When the settlement unraveled over the meaning and extent of the "license" to be granted to plaintiffs, the trial court held "all parties agreed to the terms stated on the record in court. Except for memorializing the terms in writing, the points of contention were settled and resolved." *Murphy*, at ¶ 5. This is the situation here: An agreement to perform (pay money) in exchange for a future release, the terms of which required Jon Scott to release all pending claims. On the record in court, Maine Mutual agreed to a settlement of $5,000 "[i]n a check payable to Jon Scott and his attorney, Scott J. Lynch." The settlement was further subject to "review of a satisfactory release" and "a release of all pending claims."

There was no discussion concerning the terms of a "satisfactory release" nor is there any evidence before the court of any other "pending claims" by Jon Scott or others. He is not in a position to release claims by any other party; in fact, binding a non-party to a settlement is a violation of due process, forcing the non-party to give up property rights; i.e., the right to sue. *See Local Number 93, Int'l. Assoc. of Firefighters v. Cleveland*, 478 U.S. 501, 529, 106 S.Ct. 3063, 3079 (1986).

---

[3] The defendant first filed a motion to enforce a settlement. When it was denied he appealed to the Law Court which dismissed the appeal as interlocutory and not appealable. *Phillips, et al. v Fuller*, 541 A.2d 629 (1988). On remand the defendant asserted a counterclaim which became the operative vehicle for resolution. Neither the Law Court nor the Rules require that an action to enforce a settlement be by separate complaint or counterclaim. The plaintiff's motion is sufficient to put the issues before the court.

4

Even though the on-the-record recitation of settlement says that the settlement is a two-party check to plaintiff and counsel, the court charges plaintiff with knowledge of the terms and conditions of his policy.

In light of the contract provisions, it is not inappropriate for defendant to require that the named mortgagee be named a loss payee.

On the contrary, there is nothing in the settlement or in the policy that requires the plaintiff to release the insurance agency or to indemnify Maine Mutual from any other claims.

The clerk will make the following entries as the Order of the court:

I. Plaintiff's Motion to Enforce Settlement Agreement is granted in part.

A. Maine Mutual Fire Insurance Company shall issue payment of $5,000 to Jon Scott, Scott J. Lynch, Esq., and, in the absence of a written waiver, to the mortgagee of plaintiff's property, Peoples Heritage Bank.

B. Plaintiff shall accept payment and execute a release of all claims he may have from the incident that is the subject of this action in favor of Maine Mutual Fire Insurance Company, which release shall not include a release of any claims against Bilodeau Insurance Agency, nor an indemnification of Maine Mutual Fire Insurance Company for claims by any party other than plaintiff.

II. The parties shall comply fully with this Order within fourteen (14) days of the date of this Order.

III. If the defendant fails to tender payment as ordered above, the clerk shall enter a judgment in favor of plaintiff against the defendant in the amount of $5,000 plus statutory post-judgment interest and costs pursuant to statute and rule. Plaintiff may also seek counsel fees for pursuing enforcement of settlement.

IV. If payment is tendered, but plaintiff fails to accept it or execute the release as ordered, the Motion to Enforce is denied, and the case will be reinstated on the trial list subject

to loss of all scheduling priority by virtue of its prior position on the list.

So Ordered.

Dated: December 5, 2003

Thomas E. Delahanty II
Justice, Superior Court

Scott Lynch
Plt.

Michael Schmidt
Def