## TRANSAMERICA COMMERCIAL FINANCE CORPORATION

v.

### Daniel Q. BIRT.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 4, 1991.

Decided Oct. 30, 1991.

Charles E. Gilbert, III, Gilbert & Heitmann, Bangor, for plaintiff.

Daniel Q. Birt, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Defendant Daniel Q. Birt appeals from a judgment entered in the Superior Court (Penobscot County, *Smith, J.*) based on a settlement agreement between Birt and plaintiff Transamerica Commercial Finance Corporation. Because Birt does not challenge the sufficiency of the agreement placed on the record in the Superior Court, we affirm the judgment.

Transamerica brought an action to collect a deficiency from Birt, as guarantor on an inventory financing agreement. After negotiations, on the second day of trial, counsel notified the trial judge that a settlement had been reached between the parties in favor of Transamerica. The terms of the settlement were discussed at length on the record and at that time all parties agreed to the settlement. The trial judge then ordered that the case be dismissed if "docket entries or other documents showing final disposition" were not filed within 30 days. The 30 days expired without Transamerica submitting an order for the entry of a judgment. Because Birt refused to execute a written settlement agreement, Transamerica filed a motion for entry of a judgment on the settlement agreement that was granted by the court.

Responsibility for preparation of an order for the entry of a judgment by agreement rests on counsel and not on the court. Had plaintiff's counsel followed through with an order to effectuate the settlement, no further action would have been necessary. The oral stipulation entered on the record during the second day of trial was adequate to support the entry of a judgment finally disposing of the litigation at that time.

The instant case is distinguishable, however, from *Lane v. Maine Central Railroad,* 572 A.2d 1084 (Me.1990), and the saga of *Phillips v. Fuller,* 524 A.2d 1221 (Me.1987), *Phillips v. Fuller,* 541 A.2d 629 (Me.1988), and *Phillips v. Fuller,* 586 A.2d 1272 (Me.1991). Those cases involved an executory agreement to settle and not a stipulation placed on the record at the time of settlement that would fully support the entry of a final judgment. The only mistake in the record before us is the plaintiff's failure to prepare a timely order for the entry of a judgment. That mistake is not challenged on appeal.

The entry is:

Judgment affirmed.

All concurring.