Robert D. **SPICKLER**

v.

Joseph E. **BRENNAN.**

Supreme Judicial Court of Maine.

Argued Jan. 3, 1994.

Decided Feb. 3, 1994.

Robert D. Spickler, pro se.

---

Michael Messerschmidt, Portland, for defendant.

Before ROBERTS, COLLINS and DANA, JJ.

ROBERTS, Justice.

Plaintiff Robert D. Spickler appeals from an order of the Superior Court (Cumberland County, *Mills, J.*) denying a motion he filed in 1989 to retain the case on the docket and to avoid dismissal for failure to prosecute, and granting defendant Joseph Brennan's motion to dismiss. Plaintiff contends that the court abused its discretion because he has actively prosecuted his case since filing that motion. Finding that the court acted within its discretion in denying the motion, we affirm.

Plaintiff filed suit against defendant in 1974 and the Superior Court, twice before and on plaintiff's motion, has retained the case on the docket after delays in prosecution of more than two years. Plaintiff filed his third motion to retain the case on the docket in 1989 after being informed that it was subject to dismissal. Hearing on his motion was delayed because of judicial recusals. Rule 41(b) mandates that, absent good cause, the trial court shall dismiss a complaint for failure to prosecute "at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance." M.R.Civ.P. 41(b)(1). Good cause for failure to prosecute is somewhat broader in scope than the reasons justifying relief for excusable neglect pursuant to Rule 60(b)(1). *Leadbetter Int'l Trucks, Inc. v. State Tax Assessor,* 483 A.2d 1226, 1229–30 (Me.1984), but does not encompass the years of neglect present in this case. The Superior Court acted within its discretion when it dismissed plaintiff's case. *See id.* at 1229.

The entry is:

Judgment affirmed.

All concurring.