Stephen E. PAGE

v.

Barbara A. PAGE.

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 12, 1995.
Decided Feb. 23, 1996.

---

Neil S. Shankman, Shankman & Associates, Lewiston, for Plaintiff.

Ronald P. Lebel, Skelton, Taintor & Abbott, Auburn, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

Stephen E. Page appeals from a judgment entered in the Superior Court (Androscoggin, *Alexander, J.*) affirming a divorce judgment entered in the District Court (Lewiston, *Gorman, J.*). He challenges the denial of his motions for a new trial, to alter or amend the judgment, and for relief from the judgment. He contends that the divorce judgment is void because he withdrew his consent to a settlement agreement before the judgment was entered on the docket. He also contends that the division of marital assets was unfair and the award of alimony was excessive. We affirm the judgment.

In June 1993, Stephen filed a complaint for a divorce from his wife Barbara in the District Court. The matter came to trial as a contested divorce. On the day of the hearing, however, the parties reached an agreement on all issues. Thereafter the proceedings were conducted as an uncontested divorce, and through Barbara's testimony the settlement agreement was entered on the record in open court with Stephen present.

Barbara filed with the court a proposed judgment reflecting the terms of the settlement agreement. Stephen then filed a letter stating that he objected to the terms and conditions of the proposed judgment. After meeting with both parties, the court signed the proposed judgment and it was subsequently entered on the docket. Stephen's post-judgment motions were denied and the Superior Court affirmed the judgment of the District Court. This appeal followed.

■ When the Superior Court acts solely as an intermediate appellate court, we review directly the record before the District Court to determine whether its decision contains any error of law that affects the validity of the judgment. *Salenius v. Salenius,* 654 A.2d 426, 428 n. 4 (Me.1995).

■ This case requires us to reiterate our holding in *Transamerica Commercial Fin. Co. v. Birt,* 599 A.2d 65 (Me.1991), that an oral stipulation entered on the record at trial is adequate to support the entry of a judgment finally disposing of the litigation. Contrary to Stephen's assertion, the parties' settlement agreement entered on the record was sufficient to support the court's subsequent entry of a final judgment based on that agreement. The terms of the settlement

were discussed at length on the record, and at that time all parties agreed to the settlement. We recognize that we have previously allowed an exception to this rule in those cases when a party challenges the sufficiency of the agreement placed on the record. *Transamerica Commercial Fin. Co. v. Birt*, 599 A.2d at 65. An example of a proper challenge to the sufficiency of a settlement is when a party alleges that his attorney acted without authority in entering into the agreement. *Lane v. Maine Cent. R.R.*, 572 A.2d 1084, 1085 (Me.1990). No such challenge has been made here. Stephen merely objected to the terms and conditions of the judgment and therefore the exception does not apply.

■ Stephen's withdrawal of consent to the agreement had no significance. We now reject any requirement that the parties' consent to a judgment must continue until it is signed by the court, as we previously stated in *dicta* in *Phillips v. Fuller*, 524 A.2d 1221, 1222 n. 1 (Me.1987); *but see Harbour v. Brown*, 732 S.W.2d 598, 600 (Tenn.1987). Rather, a stipulation of record that sufficiently covers the settlement agreement can be summarily enforced by the entry of a judgment. Our conclusion recognizes the need to protect the court's administration of justice, as well as to control its calendar.

The entry is:

Judgment affirmed.

All concurring.