1997 ME 102

A. Joan BURGESS

v.

Bill A. BURGESS.

Supreme Judicial Court of Maine.

Submitted April 18, 1997.
Decided May 15, 1997.

---

Martha J. Harris, Paine, Lynch & Harris, Bangor, for plaintiff.

Paul Sumberg, Wright & Mills, P.A., Skowhegan, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

[¶ 1] From the judgment entered in the Superior Court (Penobscot County, *MacInnes, A.R.J.*), affirming the judgment of the District Court (Newport, *Russell, J.*), granting a divorce to A. Joan Burgess and Bill A. Burgess, Bill appeals, challenging the amount of alimony to be paid by him to Joan. Although he concedes that Joan is entitled to more than a "token" amount of alimony, he contends that in determining the amount the trial court violated a rule of law by insufficient consideration of 19 M.R.S.A. § 721(1)(B) (Supp.1996),[1] resulting in a plain and unmistakable injustice to him. Finding no violation of a rule of law or an abuse of the trial court's discretion, we affirm the judgment.

■ [¶ 2] When, as here, the Superior Court acts as an intermediate appellate court, we review directly the record before the District Court to determine whether its decision contains any error of law that affects the validity of the judgment. *Page v. Page*, 671 A.2d 956, 957 (Me.1996).

[¶ 3] The record supports the trial court's finding of the following undisputed facts: The parties were married on September 26, 1980. They have two minor children, Billie, born June 12, 1981, and Kelly, born June 8, 1984. Bill has been steadily employed since the date of the marriage, is forty-seven years of age, is in good health, has a high school education, and is employed presently as a computerized milling machines manager, earning $34,200 a year. His living expenses are $1,000 a month. Joan was not employed

---

1. 19 M.R.S.A. § 721(1) provides:

**1. Factors.** The court shall consider the following factors when determining an award of alimony:

  **A.** The length of the marriage;
  **B.** The ability of each party to pay;
  **C.** The age of each party;
  **D.** The employment history and employment potential of each party;
  **E.** The income history and income potential of each party;
  **F.** The education and training of each party;
  **G.** The provisions for retirement and health insurance benefits of each party;
  **H.** The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;
  **I.** The health and disabilities of each party;
  **J.** The tax consequences of an alimony award;
  **K.** The contributions of either party as homemaker;
  **L.** The contributions of either party to the education or earning potential of the other party;
  **M.** Economic misconduct by either party resulting in the diminution of marital property or income;
  **N.** The standard of living of the parties during the marriage; and
  **O.** Any other factors the court considers appropriate.

at the time of their marriage but had a master's degree in education and has a teaching certificate in elementary education. She is forty-seven years of age and is in poor health with both physical and mental health problems. In 1984, and again in 1994, she was hospitalized for mental health problems and currently is on medication to relieve anxiety and depression, as well as medication for her physical ailments. These conditions are impediments to her being employed as a teacher. From 1980 to 1989 she was a homemaker and caretaker for their children. Since then she has worked at various jobs and had an income of $3,000 a year in 1995. She presently is receiving $75.00 a week in unemployment benefits. Her living expenses are $1,750 a month.

[¶ 4] After a hearing, by its order dated January 10, 1996, the court granted a divorce to the parties on the ground of irreconcilable differences and provided, *inter alia*,[2] that Bill pay to Joan $175 a week as alimony until the death of either party or further order of the court. The order specifically provided that Bill deduct the amount of these payments from his income and that the amount be included in the income of Joan. The parties are to pay their own attorney fees and costs. From the judgment entered accordingly, Bill appeals.

[¶ 5] The law is well established that the issue of alimony is addressed to the sound discretion of the trial court and reviewed for an abuse of that discretion. *Noyes v. Noyes*, 662 A.2d 921, 922 (Me.1995). Absent a violation of some positive rule of law, we will overturn the trial court's decision only if it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument. *Pongonis v. Pongonis*, 606 A.2d 1055, 1058 (Me.1992). Because the record discloses that the trial court considered all the factors set forth in 19 M.R.S.A. § 721 when fashioning the provision in the judgment relating to the amount of alimony to be paid by Bill to Joan, we find no merit in his contentions that the court

violated a positive rule of law by giving insufficient consideration to his ability to pay that amount or that the amount results in a plain and unmistakable injustice to him.

The entry is:

Judgment affirmed.

---

**2.** There is no challenge to the remainder of the court's order dividing the marital assets and obligations, granting the parties shared parental rights and responsibilities with regard to their children, providing that their primary residence be with Joan and making provision for their support. Pursuant to a provision in the judgment, Bill's weekly child support obligation was increased to $156.50 on June 8, 1996, when Kelly reached the age of 12 years.