2008 ME 73

**Lee MARIE**

v.

**Thomas RENNER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 11, 2007.

Decided: April 29, 2008.

Susan B. Driscoll, Esq., Bergen & Parkinson, LLC, Kennebunk, ME, for Thomas Renner.

Michael J. Donlan, Esq., Verrill Dana, LLP, Kennebunk, ME, for Lee Marie.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, MEAD, and GORMAN, JJ.

CLIFFORD, J.

[¶ 1] Thomas Renner, personally and d/b/a The Gifted Gourmet, appeals a judgment entered in the District Court (Biddeford, *Brennan, J.*) granting Lee Marie's motion to enforce a settlement agreement. Renner contends that the parties never reached a settlement agreement, and that the court erred in ordering the enforcement of such an agreement. Renner argues that because papers filed with the trial court do not establish on their face the existence of a settlement agreement, the only way that the court could have properly determined that there was a binding settlement agreement was to have held an evidentiary hearing, which it did not do. We agree, and vacate the judgment.

## I. BACKGROUND

[¶ 2] The parties' pleadings and filings in this case disclose the following. Lee Marie filed a complaint in the District Court against Thomas Renner, personally and d/b/a The Gifted Gourmet, a retail establishment in Portland, alleging breach of contract, fraud, and negligence. The suit stemmed from renovation work that was being done to the building where The Gifted Gourmet was housed. Marie, the manager of the store, alleges that she had an allergic reaction to the dust and dirt from the renovations, that caused her "pain and suffering, emotional distress, lost wages, and caused her to incur reasonable and necessary medical bills and expenses." At one point, Marie owed Southern Maine Medical Center (SMMC) $1829

in medical bills resulting from her reaction to the renovations.[1]

[¶ 3] On January 11, 2007, while the case was awaiting trial, the court was notified that the case had settled.[2] The court then ordered "that unless docket entries or other documents showing final disposition are filed within 30 days, this case is dismissed with prejudice." No such documents were filed, but on February 7, 2007, Marie filed a motion to enforce the settlement agreement, alleging that there was a binding contract between the parties, namely, in exchange for a release of all claims, Renner would prepare and tender a check payable to the law firm of Verrill Dana and SMMC. Renner objected to the motion to enforce, contending that his agreement to settle was conditional on the proceeds from the settlement being used to pay Marie's outstanding medical bills. Those medical bills, however, had already been written off by SMMC, and therefore, Renner contended that the terms of the settlement agreement had not been met.

[¶ 4] A nontestimonial hearing was held on the motion to enforce. Without the introduction of any evidence, and absent any indication that the parties waived such a testimonial hearing, the court granted Marie's motion to enforce, and ordered Renner to "tender a check for $1,000 payable to SMMC and Verrill Dana within 30 days in full settlement [of] claims."

[¶ 5] Renner filed this appeal.

## II. DISCUSSION

[¶ 6] Renner contends that the existence of a contract is a question of fact that can be determined only after an evi-

---

1. Renner and The Gifted Gourmet did not have workers' compensation insurance coverage as required by Maine law.

2. It is unclear from the docket entry who contacted the court.

dentiary hearing and a finding that there was ample evidence to support the court's conclusion that the parties intended to enter into an enforceable agreement. Marie does not assert that Renner waived the opportunity for a testimonial hearing, but contends that there is no requirement that an evidentiary hearing always be held to determine the existence of a binding contract. She contends that an evidentiary hearing was unnecessary in this case because the papers filed with the court disclose that there was an agreement that Renner was willing to write a check for $1000 payable to Verrill Dana and SMMC, and Marie acknowledged she would accept the check.

 [¶ 7] Settlement agreements are analyzed as contracts. *See, e.g., White v. Fleet Bank of Me.*, 2005 ME 72, ¶ 11, 875 A.2d 680, 683. Whether or not a binding contract exists is a question of fact, which we review for clear error. *Forrest Assocs. v. Passamaquoddy Tribe*, 2000 ME 195, ¶ 9, 760 A.2d 1041, 1044. In order for the District Court to grant the motion to enforce, it must have determined that there was a binding settlement agreement that was apparent from the filings. The filings, however, are ambiguous and alone do not demonstrate a binding settlement agreement.

[¶ 8] The record before the trial court, in the form of the parties' filings, includes: a docket entry based on the representation of "counsel" that a settlement had been reached; a copy of a letter from Marie's attorney to Renner's attorney stating that it was Marie's attorney's understanding that Renner's attorney would sign the stipulation of dismissal and forward it to the District Court for filing; a release agreement signed by Marie, but not signed by Renner; a stipulation of dismissal signed by Marie's attorney, but not signed by Renner's attorney; and the statement in Renner's filings that "[Renner] only agreed to issue a check payable to Southern Maine Medical Center and Verrill Dana. His position never changed."

[¶ 9] Although Marie contends that Renner's statement in his filings constitutes an admission as to the existence of a binding settlement agreement, the statement is ambiguous. Renner does not dispute that he agreed to issue a check payable to SMMC and Verrill Dana. Renner contends, however, that the basis of the agreement was that the proceeds of that check were to be used to pay Marie's medical bills. His assertion goes to the substance of the agreement, i.e., that there was a condition precedent to the agreement as to the use of the proceeds of the check. The statement of Renner's attorney in the filings is not a clear enough admission that a binding settlement agreement exists; the statement could mean that any payment agreement is conditional on the proceeds being used to pay Marie's outstanding medical bills. When a statement is susceptible to more than one interpretation, it is ambiguous. *Madore v. Kennebec Heights Country Club*, 2007 ME 92, ¶ 7, 926 A.2d 1180, 1183.

[¶ 10] Because the alleged admission, as well as the other filings, are ambiguous, and without more do not disclose the existence of a binding settlement agreement as a matter of law, an evidentiary hearing would be required for the trier of fact to determine that the parties reached a binding agreement. Accordingly, we remand this case to the District Court for an evidentiary hearing to determine whether there was a binding settlement agreement.

The entry is:

Judgment vacated and remanded for further proceedings consistent with this opinion.