2008 ME 90

**William E. TOFFLING**

v.

**Liza K. TOFFLING.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2008.
Decided: May 29, 2008.

Kenneth P. Altshuler, Esq., Childs, Rundlett, Fifield, Shumway & Altshuler, Portland, ME, for William Toffling.

Jens–Peter W. Bergen, Esq., Kennebunk, ME, for Liza K. Toffling.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

PER CURIAM.

[¶ 1]  William E. Toffling appeals from a stipulated divorce judgment entered in the District Court (York, *Cantara, J.*). We affirm the judgment, and because we find that this appeal is frivolous and instituted primarily for delay, we impose sanctions against William.

## I.  BACKGROUND

[¶ 2]  William and Liza K. Toffling were married in 1976 and William filed a complaint for divorce on November 28, 2005. William was a teacher in Massachusetts throughout the marriage and it is unclear whether Liza worked outside the home during the marriage.

[¶ 3]  Pending the final divorce judgment, the court (*Stavros, J.*) entered an interim order in September 2006 requiring, in part, William to pay $1150 per month toward the mortgage on the marital residence and $97 per month toward Liza's health and dental insurance.  On April 18, 2007, Liza filed a motion for contempt, claiming that since January 2007, William had failed to abide by his obligations pursuant to the interim order.

[¶ 4]  On May 23, 2007, prior to a hearing on Liza's motion for contempt, the court held a final divorce hearing.  At the hearing, the parties stated that they had come to an agreement on all outstanding issues, and Liza's attorney orally recited the agreement into the record.

[¶ 5]  The parties' agreement provided that Liza would receive the marital residence, would assume all debt and expenses associated with the marital residence, and would pay William $10,000 in consideration of receiving the residence.  In addition,

William had earned a substantial pension through his employment, and the parties agreed that 85% of the pension was marital and Liza would receive 42.5% of all future pension payments. The parties also agreed that Liza would be designated the sole survivor beneficiary of this pension. Furthermore, Liza agreed to withdraw her motion for contempt. After Liza's attorney recited the agreement into the record, both parties testified under oath to their consent to the agreement, and the court thereafter found that it represented a fair and equitable distribution of the parties' assets.

[¶ 6] Liza subsequently submitted a stipulated divorce judgment to the court reflecting the parties' agreement as recited to the court. William's attorney submitted a letter to the court stating that William objected to Liza being designated the sole survivor beneficiary of his pension, and that William believed that the judgment's division of the marital residence was inequitable. The court entered the stipulated divorce judgment, and this appeal followed.

## II. DISCUSSION

[¶ 7] William contends that his receipt of only $10,000 in exchange for Liza receiving the marital residence is inequitable. He also argues that because only 85% of the pension was marital property, the court erred in providing that Liza be designated the sole survivor beneficiary. His brief makes no mention of the fact that the court's judgment was based on, and accurately expressed, his and Liza's stipulation. Indeed, his brief addresses the issues as if the property distribution had been determined by the court on a contested basis.

[¶ 8] We review a divorce court's equitable distribution of property for an abuse of discretion. *Bradshaw v. Bradshaw*, 2005 ME 14, ¶ 15, 866 A.2d 839,

844. However, "an oral stipulation entered on the record at trial is adequate to support the entry of a judgment finally disposing of the litigation." *Page v. Page*, 671 A.2d 956, 957 (Me.1996). We concluded in *Page* that "a stipulation of record that sufficiently covers the settlement agreement can be summarily enforced by the entry of a judgment. Our conclusion recognizes the need to protect the court's administration of justice, as well as to control its calendar." *Id* at 958; *see also* Levy, *Maine Family Law* § 10.2 at 10–6 (5th ed.2006).

[¶ 9] Here, William orally agreed to the division of property recited by Liza's attorney in open court and affirmed, under oath, that his agreement was a product of his own free will. The court explicitly found that the overall agreement was a fair and equitable division of the parties' marital property. The court also stated to the parties that it would "consider the order effective today once we conclude these hearings" and that the oral agreement was "to be respected to the . . . full letter of the law." Accordingly, as established in *Page*, the mere fact that William subsequently objected to the terms of the judgment following his express agreement to them in open court did not affect the authority of the court, in the exercise of its discretion, to enter a judgment containing the terms previously stipulated to by the parties. 671 A.2d at 958.

[¶ 10] We also note that as part of the overall agreement, Liza voluntarily withdrew, her motion for contempt pending against William for his failure to abide by the interim support order. Accordingly, this appeal not only lacks any basis in law, it also works to delay Liza's receipt of the property awarded to her based upon a stipulated agreement under which she agreed to forego her right to obtain a

contempt order against William for his failure to pay interim spousal support.

[¶ 11] This appeal has unnecessarily delayed the finality of the divorce judgment in this case for an additional year. For the reasons we have explained, we find that the imposition of sanctions against William, in the form of treble costs and attorney fees, is appropriate pursuant to M.R.App. P. 13(f).

The entry is:

Judgment affirmed. Remanded to the District Court for calculation and award of Liza's attorney fees and treble costs.