2009 ME 37

**Helen MUTHER et al.**

**v.**

**BROAD COVE SHORE ASSOCIATION et al.**

Supreme Judicial Court of Maine.

Argued: Feb. 11, 2009.

Decided: April 7, 2009.

Andrew W. Sparks, Esq. (orally), Alexander W. Saksen, Esq., Drummond & Drummond, LLP, Portland, for Broad Cove Shore Association and Leslie P. Connolly.

Thomas R. McKeon, Esq. (orally), Richardson, Whitman, Large & Badger, Portland, for Beth Ellen Hess.

Judy A.S. Metcalf, Esq. (orally), Eaton Peabody, Brunswick, for Helen Muther and Paul Woods, Trustees of the Buffett Coastal Trust.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] The Broad Cove Shore Association appeals from a summary judgment entered by the Superior Court (Cumberland County, *Crowley, J.*) in favor of Helen Muther and Paul Woods on count IX of their amended complaint seeking to enforce a settlement agreement between the parties. The Association argues primarily that summary judgment was inappropriate because genuine issues of material fact remain regarding both the existence and enforceability of a binding settlement agreement. We affirm the judgment.

## I. BACKGROUND

[¶ 2] In November 2005, Muther and Woods, in an attempt to clarify the scope of an easement that burdens their property in Cape Elizabeth, filed a complaint in the Superior Court against the Association, a nonprofit homeowners association comprising approximately 243 households located in and around the Broad Cove portion of Cape Elizabeth, and two individuals.[1] Just days before the matter was scheduled to go to trial, the parties engaged in a judicially assisted settlement conference for over seven hours and ultimately notified the court (*Bradford, A.R.J.*) that they had reached a settlement agreement. Counsel for Muther and Woods read the detailed terms of the agreement into the record, with opposing

---

1. The Association and the two individually named defendants filed joint briefs on appeal and maintained identical arguments through- out these proceedings. For convenience, we refer to these parties collectively as the Association in this opinion.

counsel making corrections, clarifications, and additions as necessary. Each party then affirmed on the record, in response to inquiries from the court, that the recital was a fair and accurate representation of that agreement.

[¶ 3] The parties agreed that the settlement would be reduced to a stipulated judgment for judicial signature at a later date. However, the Association refused to sign a draft of the stipulated judgment proposed by Muther and Woods, arguing that it contained terms that were materially different from those understood by the Association on the day of the settlement conference. Subsequent attempts to agree on the terms of a stipulated judgment failed. By leave of the court, Muther and Woods amended their complaint to add a count of breach of settlement agreement and then filed a motion for summary judgment on that count.[2]

[¶ 4] The motion court (*Crowley, J.*) determined that the twenty-nine page transcript of the settlement agreement as read into the record at the conclusion of the settlement conference reflected an enforceable agreement between the parties and entered summary judgment in favor of Muther and Woods. After giving the parties an opportunity to object to the accuracy of that transcript as written and disposing of several other post-judgment motions, the court entered a final judgment on the complaint, and this appeal followed.

## II. DISCUSSION

[¶ 5] The Association's principal argument on appeal is that no enforceable settlement agreement exists because the parties merely entered into an agreement in principle or an "agreement to agree" at the settlement conference. The Association specifically contends that the parties' subsequent inability to reduce the settlement to a stipulated judgment reveals remaining disagreements on several material terms.

[¶ 6] Settlement agreements are analyzed as contracts, and the existence of a binding settlement is a question of fact. *Marie v. Renner*, 2008 ME 73, ¶ 7, 946 A.2d 418, 420. We have recognized a distinction between a preliminary "agreement to agree" and a binding settlement agreement. *See White v. Fleet Bank of Me.*, 2005 ME 72, ¶ 13, 875 A.2d 680, 683. In order to be binding, a settlement agreement requires the mutual intent of the parties to be bound by terms sufficiently definite to enforce. *See Forrest Assocs. v. Passamaquoddy Tribe*, 2000 ME 195, ¶ 9, 760 A.2d 1041, 1044. Thus, in circumstances where litigants dispute whether an enforceable settlement was reached outside the presence of the court, findings of fact regarding the terms of the agreement and the parties' intent may be required. *See, e.g., Renner*, 2008 ME 73, ¶¶ 7–10, 946 A.2d at 420 (concluding, based on the ambiguity of the record, that an evidentiary hearing was necessary to determine if an enforceable settlement agreement existed

---

**2.** Counts I through VIII of the original complaint were understood to have been resolved through the settlement and count IX was added when the parties failed in their attempts to reduce the settlement to a stipulated judgment. Although count IX was nominally a count of breach of settlement agreement, both parties focused their arguments before the motion court on the issue of whether the settlement conference between the parties resulted in a binding agreement and thus, as a practical matter, used that count to litigate the existence of the agreement. Accordingly, the court's order granting summary judgment was expressly limited to the determination that a binding agreement existed. This determination resolved counts I through VIII, and the court found in favor of Muther and Woods on count IX, thus finally resolving all counts.

between the parties); *White*, 2005 ME 72, ¶¶ 11–13, 875 A.2d at 683 (upholding the finding of a binding settlement agreement when three witnesses to a mediation testified to consistent terms and both parties referred to an "agreement" after mediation).

[¶ 7] However, when, as here, the parties to a dispute report to the court that they have reached a settlement, read the terms of the agreement into the record with the assistance of counsel, and then express clear consent to those terms as recited, that settlement becomes an enforceable agreement and, upon acceptance by the court, is incorporated as a judgment of the court. *See Toffling v. Toffling*, 2008 ME 90, ¶¶ 4–5, 8–9, 953 A.2d 375, 376–77; *Page v. Page*, 671 A.2d 956, 957–58 (Me. 1996).

[¶ 8] In the instant matter, the transcript of the settlement agreement, without more, conclusively establishes the existence of a binding settlement agreement as a matter of law, and subsequent disputes that arose while attempting to reduce the settlement to a stipulated judgment did not affect the authority of the court to enforce the agreement through the entry of a judgment incorporating the terms previously stipulated to by the parties. *See Toffling*, 2008 ME 90, ¶¶ 8–9, 953 A.2d at 377; *Page*, 671 A.2d at 958. The complete agreement is reflected in the court's record, and therefore no issues of material fact are in dispute regarding the existence of a binding settlement between the parties. Accordingly, summary judgment was appropriately entered in favor of Muther and Woods. *See Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825 ("Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in dispute, and, accord-

ingly, the moving party is entitled to judgment as a matter of law.").

[¶ 9] The Association's two remaining contentions on appeal are similarly unpersuasive. First, we discern no clear error in the court's finding that the transcript of the settlement agreement was accurate as written. *See York Hosp. v. Dep't of Health and Human Servs.*, 2008 ME 165, ¶ 16, 959 A.2d 67, 71. Second, we reject the Association's argument that the agreement is unworkable for want of necessary parties, namely residents of Broad Cove who claim individually-deeded rights to the easement in question. Joinder is required in circumstances where the absence of unnamed parties would prevent a judgment from fully adjudicating the underlying dispute, expose those who are already parties to multiple or inconsistent obligations, or prejudice the interests of absent parties. *See Ocwen Fed. Bank, FSB v. Gile*, 2001 ME 120, ¶ 14, 777 A.2d 275, 280; *Larrabee v. Town of Knox*, 2000 ME 15, ¶¶ 7–9, 744 A.2d 544, 546–47; *Centamore v. Comm'r, Dep't of Human Servs.*, 634 A.2d 950, 951 (Me.1993); *see also* M.R. Civ. P. 19(a). Here, the settlement agreement, by its terms, is binding only upon the individually named parties and Association members. The agreement accepted by the court "effectively and completely adjudicate[d] the dispute" before the court, *Ocwen Fed. Bank*, 2001 ME 120, ¶ 14, 777 A.2d at 280 (quotation marks omitted), and the resulting judgment does not impair the ability of unnamed individuals to enforce rights that are not derived from Association membership. In this context, remand for joinder of additional parties is unnecessary.

The entry is:

Judgment affirmed.