STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                       CIVIL ACTION
                                              DOCKET NO. CV-09-211
                                              TDW -Cum - 5/2/2010


SELDEN VON HERTEN, et al.,

        Plaintiffs

        v.                                    ORDER

LAND RECLAMATION INC.,

        Defendant


Before the court is a motion by plaintiffs Selden Von Herten and Von Herten's

Auto Body Inc. (collectively, the "Von Herten parties") for partial summary judgment.

The basis of the motion is that the Von Herten parties entered into a written settlement

agreement with defendant Land Reclamation Inc. (LRI) and that LRI has breached the

settlement agreement.

Summary judgment should be granted if there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law. In considering a

motion for summary judgment, the Court is required to consider only the portions of

the record referred to and the material facts set forth in the parties' Rule 56(h)

statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must

be considered in the light most favorable to the non-moving party. Id. Thus, for

purposes of summary judgment, any factual disputes must be resolved against the

movant. Nevertheless, when the facts offered by a party in opposition to summary

judgment would not, if offered at trial, be sufficient to withstand a motion for judgment

as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997

ME 99 ¶ 8, 694 A.2d 924, 926.

LRI does not dispute that Keith Hildenbrand signed a handwritten document entitled "Settlement Agreement" at a mediation on March 10, 2008. Response to Request for Admissions ¶6. The signature line on the settlement agreement is in the name of "Land Reclamation Inc. by Keith Hildenbrand, President." Moreover, LRI also does not dispute that Keith Hildenbrand was the President of LRI when he signed the settlement agreement. Response to Request for Admissions ¶8. Finally, there is no dispute that LRI has not made the payments called for under the settlement agreement.

However, LRI disputes that the settlement agreement was a binding contract and also argues that its obligations under that agreement were conditioned on events that have not occurred.

The Law Court has made clear that settlement agreements are analyzed as contracts, and the first question is whether the parties have reached an agreement that reflects their mutual intention to be bound by terms sufficiently definite to be enforced. Muther v. Broad Cove Shore Association, 2009 ME 37 ¶6, 968 A.2d 539, 541. In contrast, where the parties have only reached an agreement in principle – "an agreement to agree" – but do not intend to be bound until a formal contract is subsequently executed, no enforceable contract exists. Cf. White v. Fleet Bank, 2005 ME 72 ¶12, 875 A.2d 680, 683.

The settlement agreement in this case is not ambiguous and places definite obligations upon LRI. Under the parol evidence rule, LRI cannot offer testimony to contradict or vary the terms of the agreement. However, there is one possible indication that the parties did not intend to be bound by the settlement agreement: a statement in its final paragraph that counsel shall prepare "the final document to complete the settlement within 30 days." Whether this is alone sufficient to generate a sufficient factual dispute for trial as to the enforceability of the settlement agreement is a close

question. The court concludes that summary judgment on this issue should be denied, particularly because there is an additional factual dispute that also requires a trial.

Specifically, paragraph 4 of the settlement agreement provided that LRI would provide evidence of corporate authorization of the settlement. Hildenbrand's affidavit states that there was no corporate authorization. It would be a fair inference that since Hildenbrand was the President of LRI and signed the agreement as president of LRI, he was either authorized to sign the agreement or had apparent authority to sign. See Bay View Bank N.A. v. The Highland Golf Mortgagees Realty Trust, 2002 ME 178 ¶26 n.1, 814 A.2d 449, 453 n.1. However, on summary judgment all inferences must be drawn in favor of the party opposing summary judgment. If Hildenbrand's authority was clear, there is a question why a corporate authorization was requested. This issue is also sufficient to defeat summary judgment.

The court notes that several of the other issues raised by LRI do not create factual disputes for trial. Specifically, the contingency that Hildenbrand and LRI provide certain documentation satisfactory to the Von Herten parties is a condition for the benefit of the Von Herten parties and a condition that the Von Herten parties can excuse. The requirement of mutual releases is also not a bar to enforcement.

Given that there are factual disputes for trial, the remaining question is how to proceed. When a plaintiff asserts that a defendant is liable on various underlying claims but also asserts that the parties have reached a settlement and asserts, as a separate cause of action, that there has been a breach of the settlement agreement, the usual procedure is to bifurcate the cause of action for enforcement of the settlement agreement and proceed to trial on that issue first.

Accordingly, the court proposes to call in Count IV of the complaint for trial. The parties are directed to advise the clerk within 10 days if they have any objection to this

procedure and also to advise the clerk, if no enforceable settlement agreement is found, whether they would be prepared to proceed during the same trial term to address the remaining causes of action in the complaint.

Plaintiff's motion for partial summary judgment is denied. Procedural order entered. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 2, 2010

Thomas D. Warren
Justice, Superior Court

4

---------------------------------------------------------------------

01 0000001325          STILLMAN, NEAL
    97 A EXCHANGE STREET PORTLAND ME 04101
    F      LAND RECLAMATION INC                    DEF    RTND    05/13/2009

02 0000004211          THORNTON, PATRICK D
    95 EXCHANGE ST PO BOX 7046 PORTLAND ME 04112-7046
    F      SHELDEN VON HERTEN                       PL     RTND    04/13/2009
    F      VON HERTENS AUTO BODY INC                PL     RTND    04/13/2009