STATE OF MAINE
HANCOCK, ss

SUPERIOR COURT
DOCKET NO. AP-09-013

*KMC - / A// - / 4 /2011*

ELIZABETH BRUNTON

V.

NEIL DAVIS, RPT

RECEIVED & FILED

JAN 05 2011

HANCOCK COUNTY
COURTS

## DECISION

This matter is before the Court on an appeal from a Small Claims Decision of September 1, 2010, granting judgment for the Plaintiff in the amount of $1,500, plus costs. Under date of September 30, 2010, Defendant Neil C. Davis filed a timely Notice of Appeal consistent with the Maine Rules of Small Claims Procedure.

The case concerned alleged overcharging by the defendant for work done on behalf of plaintiff for piano repair and maintenance between September and October of 2009. Plaintiff sought reimbursement of $3,155 with respect to money she had paid. The record reflects that plaintiff and defendant participated in the hearing, which was held on September 1, 2010. In the Notice of Appeal, defendant does not seek a jury trial de novo.

On the Notice of Appeal, and attached factual statement, defendant alleges by way of legal error that he is the 'wrong' Neil Davis. The opportunity to have raised the jurisdictional defense was at the time this matter was initially litigated in small claims court, not on appeal. See *Penkul v. Matarazzo,* 2009 ME 113, ¶9, 953 A.2d 375. To the extent that this issue was raised at the hearing, a review of the exhibits submitted confirms that there was competent evidence to support the conclusion that the defendant was the party with whom the plaintiff was dealing.

1

Likewise, the defendant argues by way of legal defense that there was an accord and satisfaction in that the matter was resolved by defendant lowering his bill by $2,000, which was accepted by plaintiff as the resolution of her claim. As with jurisdiction, it would appear that this is raised for the first time on appeal[1]. While there is evidence from which this Court can infer that there was a partial return by the defendant of the deposit, there is nothing to suggest that any evidence of accord and satisfaction was presented to the District Court sitting at the Small Claims Court.

Rule 11 (d)(2) of the Small Claims Rules provides that "an appeal by the defendant may be on questions of law only". Not surprisingly, Mr. Davis is unhappy with the decision that has gone against him. On this appeal, Mr. Davis is rearguing the facts seeking an alternate resolution. He is not entitled, however, to a second bite at the apple or a second trial where a Judge weighs the evidence. He has had his trial and the Judge has weighed and evaluated the evidence. In the context of an appeal standard, the Maine Law Court has stated in the recent case of *Gould v. A-1 Motors*, 2008 ME 65 at ¶ 6,

> We will defer to a trial court's findings of fact "unless such findings are clearly erroneous." *Me. Farmers Exch., Inc. v. Farm Credit of Me., A.C.A.*, 2002 ME 18, P16, 789 A.2d 85, 90. "The meaning and weight to be given the exhibits and the testimony of the witnesses is for the fact-finder to determine and must be upheld unless clearly erroneous." *Jenkins, Inc. v. Walsh Bros., Inc.*, 2002 ME 168, P7, 810 A.2d 929, 933. As there is competent evidence in the record to support the District Court's finding, the original judgment is affirmed.

Having reviewed the record, consisting mainly of the exhibits as against the final decision by the District Court, this Court cannot say that the decision is clearly erroneous and can say from the record that there is

---

[1] Small Claims Rules do not require a responsive pleading to be filed by the defendant and this Court must rely on the exhibits, absent a transcript (See Rule 76(a) M.R.Civ.P. — where the burden is on the appellant to prepare the same), to discern what happened at the hearing. M.R.SmCl.3(b) and 11(d)(3) and (4).

competent evidence to affirm the decision of the District Court. Accordingly the decision of the District Court is affirmed and the appeal is denied.

This matter is referred back to the District Court pursuant to Rule 11 (f) of the Maine Rules of Small Claims Procedure with direction that this decision be made part of the Docket Record in this case and that the parties be advised of this decision.

Dated: January 5, 2011

Kevin M. Cuddy, Justice,
Superior Court

TRUE COPY
_____ K. Harding
Clerk of Court

Date Filed  10/1/2010  _____Hancock_____  Docket No. AP-2010-13
                                    County

Action  APPEAL FROM DISTRICT COURT (Small Claims)

ASSIGNED TO JUSTICE KEVIN M. CUDDY


ELIZABETH BRUNTON                    vs.    NIEL DAVIS, RPT

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Elizabeth Brunton<br>Pro Se<br>P O Box  13<br>Haydenville MA 01039 | Neil Davis, Rpt,<br>P O Box 113<br>620 Reach Road<br>Sedgwick ME  04676 |

| Date of Entry | |
|---|---|
| 10/1/2010 | Case pleadings received from Hancock County District Court (SC-2010-267)<br>The following Papers were Received:<br>1   Statement of Claim |