MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 69
Docket:       Pen-18-427
Submitted
  On Briefs:  April 24, 2019
Decided:      May 9, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JOSEFINE BAHN

v.

MARK SMALL

GORMAN, J.

[¶1]  Mark Small appeals from a judgment of the District Court (Houlton, *Daigle, J.*) modifying the terms of his 2016 divorce from Josefine Bahn as to parental rights and responsibilities for the parties' two children.  Small contends that the court erroneously determined that the parties agreed to the terms of the modified divorce judgment.  We agree and vacate the judgment.

[¶2]   Josefine Bahn and Mark Small were divorced by an agreed-to judgment entered by the court (*O'Mara, J.*) in 2016.[1]  Both parties later moved to modify the judgment as to parental rights and responsibilities.  On July 23, 2018—the date set for a hearing on the motions to modify—the parties and the

---

[1]  The judgment provided for, inter alia, shared parental rights and responsibilities, shared primary residence of the children, and roughly equal rights of contact.

2

guardian ad litem (GAL) instead engaged in a judicial settlement conference (*Daigle, J.*), after which the court stated on the record that an agreement was reached on all points. Without creating any record that would show the terms of any such agreement and the parties' confirmation of it, the court entered a judgment dated August 30, 2018, purporting to memorialize that agreement.[2]

[¶3] Small moved for relief from the judgment on the ground that it did not accurately reflect the parties' agreement. *See* M.R. Civ. P. 60(b). Based on its review of the "notes of the agreement read into the record on July 23, 2018," the court found that "[f]ull agreement was reached by the parties and the Guardian ad Litem" during the settlement conference, the GAL agreed to incorporate the agreement terms into a proposed order, the parties then had an "opportunity to express any disagreement with any of the terms of the proposed Order," Small "filed with the [c]ourt several points of disagreement" with the proposed order, and the court considered the points of disagreement before issuing the modified judgment. The court denied the motion for relief from judgment, concluding, "[T]he terms of the proposed Order are accurate in

---

[2] The modified divorce judgment provided for allocated parental rights and responsibilities in which Bahn was allocated all decision making regarding the children's welfare, including education, religion, medical care, travel, child care, and residence. The court also modified Small's contact schedule with the children, set out a revised holiday contact schedule, established various safety and wellness requirements in the care of the children, and imposed a family therapy requirement.

all respects, and accurately set[] forth all of the several terms agreed by the parties and the Guardian at the judicial settlement conference." Small appeals, arguing that the court erred by modifying the divorce judgment with terms to which he did not agree.

[¶4] When a judicial settlement conference results in an agreement, a "[c]omplete record" of the agreement must be created: "The parties may memorialize their mutual assent by signing a written agreement or by placing their oral stipulation on the record in open court." *Dewhurst v. Dewhurst*, 2010 ME 99, ¶¶ 10-11, 5 A.3d 23. "The creation of such a record assures this Court and the trial court that the parties know what they have agreed to and that they are satisfied with the result."[3]  *Id.* ¶ 11. We consider any such agreement as a contract, the existence of which is a question of fact that we review for clear error. *Id.* ¶ 5; *see Kilborn v. Carey*, 2016 ME 78, ¶ 16, 140 A.3d 461.

[¶5] In *Muther v. Broad Cove Shore Association*, for example, we affirmed a decision based on the parties' oral commitment of the complete agreement to the record: "[T]he transcript of the settlement agreement, without more,

---

[3] In family matters, the agreement must also be "fairly made and consistent with public policy" in accordance with the best interests of the children. *Dewhurst v. Dewhurst*, 2010 ME 99, ¶¶ 5, 10, 5 A.3d 23; *see* 19-A M.R.S. § 1653(3) (2018).

conclusively establishes the existence of a binding settlement agreement as a matter of law, and subsequent disputes that arose while attempting to reduce the settlement to a stipulated judgment did not affect the authority of the court to enforce the agreement through the entry of a judgment incorporating the terms previously stipulated to by the parties."  2009 ME 37, ¶ 8, 968 A.2d 539; *see also Toffling v. Toffling*, 2008 ME 90, ¶¶ 9, 11, 953 A.2d 375 (affirming the entry of a judgment by agreement when one party had orally agreed to the opposing party's recitation of the terms of the agreement in open court); *Page v. Page*, 671 A.2d 956, 957-58 (Me. 1996) (upholding a judgment because "[t]he terms of the settlement were discussed at length on the record, and at that time all parties agreed to the settlement"); *Transamerica Commercial Fin. Corp. v. Birt*, 599 A.2d 65, 65 (Me. 1991) ("The oral stipulation entered on the record during the second day of trial was adequate to support the entry of a judgment finally disposing of the litigation at that time.").

[¶6]  In contrast, in *Dewhurst*, the terms of the parties' agreement in a divorce matter were captured only by the GAL's handwritten edits to a proposed judgment that previously had been prepared by one party's attorney. 2010 ME 99, ¶ 2, 5 A.3d 23.  Although the parties had reviewed the edited draft with the court, neither party signed the proposed judgment or made any

statement on the record regarding the terms of the agreement. *Id.* In the absence of a signed agreement or oral stipulation, we vacated the divorce judgment incorporating the purported agreement based on the insufficiency of the record of the agreement. *Id.* ¶¶ 8-12.

[¶7] Here, as in *Dewhurst*, 2010 ME 99, ¶ 2, 5 A.3d 23, the parties' purported agreement was neither written down and signed by the parties nor entered in the record by oral stipulation. Rather, the court expressly stated at the end of the settlement conference that it would *not* recite on the record the terms of the parties' agreement and would instead rely on the handwritten notes taken by the court and by the GAL:

> Full agreement has been reached, which will result in a modified order. We are going to -- not indicate, because we don't have time -- we're not going to indicate into the record right now what has been agreed to. I have notes indicating what all of those agreed-to terms are. [The GAL] has been good enough to take notes and we've reviewed as we completed negotiation of each separate provision to make sure that we're all on the same page.

The written record contains what appear to be various pages of handwritten notes, but it is not clear who authored those pages or which of those notes were intended to reflect the terms of the parties' actual agreement, and none of those pages is signed by the parties.

[¶8]   In the absence of such a factual record from which to determine whether the modified divorce judgment accurately reflects the parties' agreement, the court's findings that the parties reached a full agreement—and its iteration of the substance of the agreement—are clearly erroneous.  *See id.* ¶ 5; *see also Kilborn*, 2016 ME 78, ¶ 16, 140 A.3d 461.  We therefore vacate the judgment and remand for a testimonial hearing or for the parties to memorialize an agreement on the record.[4]

The entry is:

> Judgment vacated.    Remanded for further proceedings consistent with this opinion.

---

[4] Although the issue of child support has not been raised by either party, we observe that neither the original nor the modified divorce judgment comports with statutory child support requirements. The initial divorce judgment, which was entered by agreement, deviated from the presumptive child support guidelines by stating only, "No child support is ordered as each party shall provide for the children when the children are in their care."  *See* 19-A M.R.S. § 2005 (2018).  The modified divorce judgment contains no terms regarding child support and does not purport to alter that portion of the original divorce judgment.

The court's deviation from the presumptive child support amount established according to the child support guidelines—in the absence of any findings regarding child support or a party's proposed written findings that the presumptive amount is "inequitable or unjust"—violates multiple requirements of the child support statute.  19-A M.R.S. §§ 2007-2008 (2018); *see* 19-A M.R.S. §§ 2005-2006 (2018); *see also Sullivan v. George*, 2018 ME 115, ¶¶ 14-17 & n.7, 191 A.3d 1168.  Even when the parties agree to the child support provision, such an agreement "must be reviewed by the court or hearing officer to determine if the amount stipulated is in substantial compliance with the presumptive application of the guidelines and, if a deviation is proposed, whether it is justified and appropriate under section 2007."  19-A M.R.S. § 2008; *see* 19-A M.R.S. § 2005.  On remand, the court must provide for child support in a manner that complies with the child support statute.

Mark Small, appellant pro se

Martha Novy-Broderick, Esq., Lincoln, for appellee Josefine Bahn

Appealed from Houlton District Court docket number FM-2015-50
Transferred to Lincoln District Court docket number FM-2018-114
FOR CLERK REFERENCE ONLY