MAINE SUPREME JUDICIAL COURT                      Reporter of Decisions
Decision:     2025 ME 39
Docket:       Pis-24-169
Argued:       December 12, 2024
Decided:      May 1, 2025

Panel:        STANFILL, C.J., and HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

## MOOSEHEAD MOUNTAIN RESORT, INC., et al.

### v.

## CARMEN REBOZO FOUNDATION, INC.

LAWRENCE, J.

[¶1]  This civil action by Moosehead Mountain Resort, Inc., and OFLC, Inc., (collectively Moosehead) against Carmen Rebozo Foundation, Inc., involved, inter alia, claims of breach of contract, unjust enrichment, and breach of good faith and fair dealing.  Moosehead appeals from a judgment entered in the Superior Court (Piscataquis County, *Stewart, J.*) (i) denying Moosehead's motion to reconsider the court's dismissal of the case and (ii) granting the Foundation's motion to enforce a settlement agreement reached by the parties. We affirm the denial of the motion for reconsideration.  Because we conclude that the court did not have jurisdiction to enforce the settlement agreement, we vacate the judgment to the extent that it enforced the agreement.

## I.  BACKGROUND

[¶2]   In June 2007, Moosehead executed a promissory note for $6,350,000 payable to Machias Savings Bank and secured by a mortgage encumbering multiple properties, including a ski resort.  In 2013, Machias Savings Bank assigned its interest in the note and mortgage to the Foundation.

[¶3]  In June 2021, Moosehead filed a complaint in the Superior Court claiming under several theories that the Foundation's alleged misrepresentation of the amount due on the note negatively impacted Moosehead's efforts to sell the ski resort.

[¶4]   In November 2021, Moosehead filed a motion for summary judgment.  The Foundation filed a memorandum opposing Moosehead's motion for summary judgment, as well as a motion for relief under Maine Rule of Civil Procedure 56(f).[1]  The court (*Anderson, J.*) denied both Moosehead's motion for summary judgment and the Foundation's motion for relief under Rule 56(f), and ordered the parties to engage in a judicial settlement conference.

[¶5]  The court (*Cole, J.*) held a judicial settlement conference on June 30, 2022.  The parties reached a settlement and signed a document memorializing

---

[1]  The Foundation filed a motion for relief under Maine Rule of Civil Procedure 56(f) to ask for a continuance so that the parties could engage in further discovery before the court ruled on Moosehead's summary judgment motion.  This motion is not relevant to the issues on appeal.

the terms, which included an agreement that the case would be dismissed with prejudice following the settlement. The settlement called for the terms to be embodied into a settlement agreement to be executed by the parties. Based on the parties' representation that the case was settled, on November 18, 2022, the court (*Anderson, J.*) ordered that, unless the parties filed docket entries within thirty days, the case would be dismissed with prejudice. When no docket entries were timely filed by the parties, on February 6, 2023, the court (*Mallonee, J.*) entered judgment, dismissing the case with prejudice.

[¶6]   On February 13, 2023, Moosehead filed a motion for reconsideration and to vacate the settlement agreement. In this motion, Moosehead alleged that the Foundation wrongly delayed filing docket entries and asked the court to reconsider its dismissal of the case. The Foundation opposed Moosehead's motion and filed a motion to enforce the settlement agreement. In April 2023, the court ordered the parties to file settlement documents before it decided these motions. Moosehead filed a motion for further settlement conferencing, arguing that the settlement agreement was missing an essential term regarding the payoff procedure between the parties; the Foundation objected to another settlement conference.

4

[¶7]  In August 2023, the court (*Mead, J.*) held a second judicial settlement conference with the parties.  The parties were unable to reach an agreement, and the court determined that a hearing on the pending motions was needed in order to determine the future course of the proceedings.

[¶8]  On March 22, 2024, the court (*Stewart, J.*) held a hearing on the parties' pending motions—Moosehead's motion for reconsideration and the Foundation's motion to enforce the settlement agreement.  The court denied Moosehead's motion for reconsideration and granted the Foundation's motion to enforce.[2]

[¶9]  The court entered its order on the post-judgment motions on March 26, 2024.  Moosehead timely appealed.  *See* 14 M.R.S. § 1851 (2025); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶10]  "Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). We review

---

[2]  The court also denied two additional requests for relief sought by the Foundation because it found one to be unnecessary under the circumstances and the other to be moot.  Neither of these requests is relevant to the issues on appeal.

a court's denial of a motion for reconsideration for an abuse of discretion. *U.S. Bank Nat'l Ass'n v. Manning*, 2020 ME 42, ¶ 32, 228 A.3d 726.

[¶11]  When parties "report to the court that they have reached a settlement, read the terms of the agreement into the record with the assistance of counsel, and then express clear consent to those terms as recited, that settlement becomes an enforceable agreement." *Muther v. Broad Cove Shore Ass'n*, 2009 ME 37, ¶ 7, 968 A.2d 539.  Before a case is dismissed, parties may use motions to enforce to bring the alleged settlement agreement before the trial court to provide the court with the authority to enforce the agreement. *See Est. of Snow*, 2014 ME 105, ¶ 18, 99 A.3d 278.  But when the parties have not taken steps to put the agreement on the record before the case is dismissed, the court lacks the authority to enforce it.  *Cf. Muther*, 2009 ME 37, ¶ 8, 968 A.2d 539.

[¶12]  Here, Moosehead and the Foundation did not file docket entries before the court's deadline for that submission expired; the court then waited an additional fifty days before it dismissed the case.  Given the parties' inaction during this time, there was no error in the court's dismissal.  Further, there is no evidence of new material that the parties could not have previously presented to the court.  We thus conclude that the court did not abuse its

6

discretion in denying Moosehead's motion for reconsideration. *See Manning*, 2020 ME 42, ¶ 32, 228 A.3d 726.

[¶13]  Prior to the dismissal, the parties did not take any steps to put the settlement agreement on the record so that the court would retain jurisdiction over it.  The parties could have put the agreement before the court for it to approve, filed a motion to extend the time for filing docket entries, *see* M.R. Civ. P. 6(b), 7(b)(4), or filed a motion to retain the matter on the docket, *see Spickler v. Brennan,* 636 A.2d 988, 989 (Me. 1994) (describing successful motions to retain a case on the docket to avoid sua sponte action by the Superior Court to dismiss the case because of delays in prosecution); M.R. Civ. P. 7(b) (outlining the required content of a motion in order to seek relief from the court); M.R. Civ. P. 41(b)(1) (permitting the trial court to dismiss a matter for want of prosecution absent a demonstration of good cause for the delay); *Raymond v. Lyden*, 1999 ME 59, ¶¶ 8-9, 728 A.2d 124 (explaining that "good cause" is a "highly relative concept which lacks fixed and definite meaning, and the application of it requires the court to evaluate the circumstances of each individual case").  Any of these mechanisms would have preserved the court's jurisdiction, but the parties did not pursue them.  As the court had already

dismissed the case with prejudice, upon its denial of Moosehead's motion to reconsider, the court had no jurisdiction to enforce the settlement agreement.

[¶14] At oral argument, the parties did not agree as to what issues were to be decided on appeal. *See* Oral Argument at 8:44-10:20, 14:04-15:02, 25:05-25:40, https://archive.org/details/moosehead-oral-argument. Given that the court did not have jurisdiction to enforce the settlement agreement once the case was dismissed with prejudice, any argument regarding the enforceability of the settlement agreement became moot.

The entry is:

> Judgment vacated as to the granting of the motion to enforce the settlement agreement. Judgment affirmed in all other respects. Remanded for an order dismissing the motion to enforce the settlement agreement for want of jurisdiction.

---

Jonathan M. Flagg, Esq. (orally), Flagg Law, PLLC, Portsmouth, New Hampshire, for appellants Moosehead Mountain Resort, Inc., and OFLC, Inc.

Teresa M. Cloutier, Esq. (orally), Cloutier Carrillo, Augusta, for appellee Carmen Rebozo Foundation, Inc.

Piscataquis County Superior Court docket number CV-2021-5
FOR CLERK REFERENCE ONLY