2011 ME 33

**Helen MUTHER et al.**

v.

**BROAD COVE SHORE ASSOCIATION et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 1, 2010.

Decided: March 22, 2011.

James A. Billings, Esq., Walter F. McKee, Esq., Lipman, Katz & McKee, PA, Augusta, ME, for Helen Muther and Paul Woods.

Alexander W. Saksen, Esq., Andrew W. Sparks, Esq., Drummond & Drummond, LLP, Portland, ME, for Broad Cove Shore Association and Leslie Connolly.

Thomas R. McKeon, Esq., Richardson, Whitman, Large & Badger, Portland, ME, for Beth Ellen Hess.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] Helen Muther and Paul Woods appeal from a judgment entered in the Superior Court (Cumberland County, *Crowley, J.*), denying their motion for relief from judgment pursuant to M.R. Civ. P. 60(b). In light of our opinion in *Flaherty v. Muther (Flaherty I )*, 2011 ME 32, 17 A.3d 640, we vacate the judgment and remand for proceedings consistent with this opinion.

I. BACKGROUND

[¶ 2] The factual background of this litigation is outlined in *Flaherty I,* 2011 ME 32, ¶¶ 4–28, 17 A.3d at 646–50, and *Muther v. Broad Cove Shore Ass'n (Muther I),* 2009 ME 37, 968 A.2d 539, and is not repeated in full here.

[¶ 3] Central to this appeal is that "[i]n April 2008, pursuant to the terms of [a 2006] settlement agreement, Woods installed a fence and a locking gate across the entrance to the easement. Woods also installed two video surveillance cameras on the easement without the consent of the J–Lot owners." *Flaherty I,* 2011 ME 32, ¶ 19, 17 A.3d at 649. Shortly thereafter, "several of the J–Lot owners sued Muther and Woods for a declaratory judgment establishing their right to use the easement to access Secret Beach and to enjoin Muther and Woods from obstructing that right with the gate and fence." *Id.* ¶ 20, 17 A.3d at 649. Muther and Woods brought counterclaims and a third-party complaint against all of the J–Lot owners and the Broad Cove Shore Association, and the State later intervened. *Id.*

[¶ 4] After an eight-day bench trial in the *Flaherty* matter, the trial court concluded, inter alia, that the easement was

intended as a private right-of-way for the J–Lot owners to access the intertidal zone for general recreational purposes. *Id.* ¶ 23, 17 A.3d at 650. The trial court also concluded that the gate and the cameras had to be removed because the gate was an unreasonable restriction of the J–Lot owners' access and the cameras were an unreasonable burden on the J–Lot owners' use of the easement. *Id.* ¶ 24, 17 A.3d at 650. Muther and Woods appealed, and the J–Lot owners and the State cross-appealed. *Id.* ¶ 28, 17 A.3d at 650.

[¶ 5] On April 6, 2010, Muther and Woods filed a motion pursuant to M.R. Civ. P. 60(b) for relief from the earlier *Muther* judgment related to the 2006 settlement agreement. *See Flaherty I*, 2011 ME 32, ¶¶ 17–18, 17 A.3d at 648–49; *Muther I*, 2009 ME 37, ¶ 8, 968 A.2d at 542. The court denied the motion. Muther and Woods timely appealed, and we stayed all proceedings in this 60(b) appeal pending resolution of *Flaherty I*, 2011 ME 32, 17 A.3d 640.

## II. DISCUSSION

[¶ 6] Muther and Woods argue that the trial court erred in denying their motion for relief from the judgment incorporating the 2006 settlement agreement, *see Muth-*

*er I*, 2009 ME 37, 968 A.2d 539, because the trial court's judgment in *Flaherty*, which addressed the rights of J–Lot owners in their individual capacities, directly conflicts with the judicially enforceable settlement agreement between Muther and Woods, and the Association.

[¶ 7] The aspects of the judgment in the *Flaherty* case affecting the terms of the settlement agreement in the *Muther* case now have changed, however, in light of *Flaherty I*, 2011 ME 32, ¶ 71, 17 A.3d at 659. The basis for the trial court's denial of Muther and Woods's motion for relief from judgment pursuant to M.R. Civ. P. 60(b) has now been altered, and we therefore vacate the court's judgment and remand for appropriate consideration following the entry of final judgment in *Flaherty*.[1]

The entry is:

Judgment vacated. Remanded for proceedings consistent with this opinion.

---

1. We assume that, on remand, the instant matter, along with the matter remanded in *Flaherty v. Muther (Flaherty I)*, 2011 ME 32, 17 A.3d 640, and *Flaherty v. Muther (Flaherty II)*, 2011 ME 34, 17 A.3d 663, will be assigned for consideration together by a single justice.