2011 ME 34

**Robert FLAHERTY et al.**

v.

**Helen MUTHER et al.**

Supreme Judicial Court of Maine.

Argued: Feb. 7, 2011.
Decided: March 22, 2011.

---

See also, 17 A.3d 640.

James A. Billings, Esq. (orally), Walter F. McKee, Esq., Lipman, Katz & McKee, PA, Augusta, ME, for Helen Muther and Paul Woods.

Stephen D. Bither, Esq. (orally), Portland, ME, for Niamh Colpitts, Todd Colpitts, David House, Susan House, David Meagher, Ellen Meagher, Jacqueline Pierce, Russell Pierce, and Paulette York.

Panel: SAUFLEY, C.J., and ALEXANDER,* LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] Helen Muther and Paul Woods appeal from an order entered in the Superior Court (Cumberland County, *Crowley, J.*) pursuant to M.R. Civ. P. 37(c) and 54(b)(3) awarding attorney fees to opposing litigants Jacqueline Pierce, Russell Pierce, Todd Colpitts, Niamh Colpitts, Susan House, David House, David Meagher, Ellen Meagher, and Paulette York (J–Lot owners),[1] who are neighboring property owners to Muther and Woods. We vacate the judgment.

## I. BACKGROUND

[¶ 2] This is the fifth appeal regarding the same nucleus of facts. The factual and procedural background of this litigation is outlined in *Muther v. Broad Cove Shore Ass'n (Muther I)*, 2009 ME 37, ¶¶ 2–4, 968 A.2d 539, 540–41; *Flaherty v. Muther (Flaherty I)*, 2011 ME 32, ¶¶ 4–28, 17 A.3d 640, 646–50; and *Muther v. Broad Cove Shore Ass'n (Muther II)*, 2011 ME 33,

---

* Although not available at oral argument, Justice Alexander participated in this opinion. *See* M.R.App. R. 12(a) ("A qualified justice may participate in a decision even though not present at oral argument.").

1. The term "J–Lot" refers to the way in which the properties are designated on a subdivision plan. *See Flaherty v. Muther (Flaherty I)*, 2011 ME 32, ¶ 5, 17 A.3d 640, 646–47. We refer to the parties here as "the J–Lot owners," notwithstanding the fact that they do not represent all of the J–Lot property owners involved in this litigation. *See id.*

¶¶ 3–5, —— A.3d ——, —— and is not repeated in full here. The judicial order of attorney fees at issue here arose in the same case that we addressed today in *Flaherty I*, 2011 ME 32, ¶ 28 n. 10, 17 A.3d at 650-51.

[¶ 3] On December 18, 2009, Muther and Woods appealed from the judgment of the Superior Court that required, among other things, that they remove a gate and video cameras at the entrance to an easement across their lot. *Flaherty I*, 2011 ME 32, 17 A.3d 640. That appeal is addressed in the *Flaherty I* opinion issued today. *Id.* While the *Flaherty I* appeal was pending, the J–Lot owners filed post-judgment motions in the trial court seeking recovery on a bill of costs pursuant to 14 M.R.S. § 1501 (2010) and M.R. Civ. P. 54(d), and expenses, pursuant to M.R. Civ. P. 37(c),[2] related to several denials that Muther and Woods had made in response to requests for admission served upon them pursuant to M.R. Civ. P. 36. Over Muther and Woods's objection, the trial court granted the J–Lot owners' request for the bill of costs. The parties incorporated the trial court's order on the bill of costs in their arguments on appeal in *Flaherty I*, and we today vacated that order because the court lacked jurisdiction to address the bill of costs during the pendency of the appeal and because our decision in *Flaherty I* could affect the de-

termination of who was the prevailing party. *See* M.R.App. P. 3(b); *Flaherty I*, 2011 ME 32, ¶¶ 89–90, 17 A.3d at 663.

[¶ 4] Regarding the Rule 37(c) motion, the trial court allowed the J–Lot owners to file affidavits in support of their claimed attorney fees. The J–Lot owners submitted an affidavit for attorney fees and an updated affidavit, in which they provided documentation to support an award of fees for 135.6 attorney-hours incurred as a result of Muther and Woods's denials of several requests for admission.

[¶ 5] With the original appeal still pending, the court issued an order on June 24, 2010, awarding $16,440 in attorney fees to the J–Lot owners pursuant to Rule 37(c).[3] In that order, the court also denied a request for expenses related to additional expert witness fees. After Muther and Woods moved for additional findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(a), the court made brief additional findings. Muther and Woods appealed from this post-judgment award of attorney fees pursuant to M.R. Civ. P. 37(c). It is that award that we address here.

## II.  DISCUSSION

■ [¶ 6] As a threshold matter, we address whether the trial court had jurisdiction to enter the attorney fees order

2.  M.R. Civ. P. 37(c) states,

    If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission

sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (4) there was other good reason for the failure to admit.

3.  In *Flaherty I*, Muther and Woods claimed error related to the award of these same attorney fees pursuant to M.R. Civ. P. 37(c), but we did not reach that issue because the trial court had not yet received the required attorney fees affidavit and, therefore, the order was not yet final. 2011 ME 32, ¶ 28 n. 10, 17 A.3d at 650-51.

pursuant to M.R. Civ. P. 37(c) during the pendency of the appeal in *Flaherty I*, 2011 ME 32, 17 A.3d 640.

[¶ 7] When final judgment is entered and an appeal is filed, "[t]he trial court shall take no further action pending disposition of the appeal by the Law Court" except in specifically enumerated circumstances. M.R.App. P. 3(b). In a civil case, the trial court may, pursuant to M.R.App. P. 3(b), exercise its discretion and retain jurisdiction during the pendency of the appeal over, among other things, an application for attorney fees pursuant to M.R. Civ. P. 54(b)(3). Rule 54(b)(3) states,

> When final judgment has been entered on all claims except a claim for attorney fees, an application for the award of attorney fees shall be filed within 60 days after entry of judgment if no appeal has been filed. If an appeal has been filed, the application may be filed and acted upon in the trial court at any time after entry of the judgment appealed from and in any case shall be filed not later than 30 days after final disposition of the action. An application for attorney fees shall ordinarily be acted upon by the justice or judge who rendered the judgment on the merits.

[¶ 8] Accordingly, pursuant to M.R.App. P. 3 and M.R. Civ. P. 54(b)(3), the court retained jurisdiction to consider the M.R. Civ. P. 37(c) attorney fees application during the pendency of the appeal, and it acted within its discretion in considering the request for fees at that point in the litigation.[4]

[¶ 9] In the same order, the trial court denied additional expert witness fees pursuant to Rule 37(c). That denial has not been appealed. We note for clarity, however, that as with costs pursuant to 14 M.R.S. § 1501, which were addressed in *Flaherty I*, the trial court lacked authority to act on the J–Lot owners' motion for Rule 37(c) expenses other than attorney fees during the pendency of the appeal. *See Flaherty I*, 2011 ME 32, ¶ 90, 17 A.3d at 663; M.R. Civ. P. 37(c); M.R.App. P. 3(b); M.R. Civ. P. 54(b)(3).

[¶ 10] To be clear, pursuant to M.R. Civ. P. 54(b)(3), the trial court may act on a post-judgment motion for attorney fees pursuant to Rule 37(c) after an appeal has been filed. *See* M.R.App. P. 3(b). Costs and expenses other than attorney fees, however, may not be considered by the court during the pendency of an appeal. *See id.*

[¶ 11] Turning then to the issue presented by the appeal of the attorney fees award, given the outcome of the *Flaherty I* appeal, we must vacate the award. Although the trial court acted within its discretion in determining attorney fees during the pendency of the *Flaherty I* appeal, that opinion vacated the court's judgment regarding the gate and remanded the matter for the trial court to make "factual and legal determinations related to the reasonableness of the surveillance cameras." *Flaherty I*, 2011 ME 32, ¶ 90, 17 A.3d at 663. Therefore, the factual basis upon which the trial court made the Rule 37(c) award may change upon remand. Accordingly, we vacate the judgment and remand

---

4. In some circumstances, however, it may be better practice for the trial court to defer action on applications for attorney fees until the conclusion of the appeal period and entry of final judgment. Doing so will eliminate the need for the trial court to modify, rescind, or reconsider its order on attorney fees in the event that the appeal results in a change to the outcome of the case. Therefore, the trial court's deferral to act on applications for attorney fees in many cases will track the deferral to award costs, over which the trial court has no jurisdiction during the pendency of the appeal. *See* M.R.App. P. 3(b); M.R. Civ. P. 37(c), 54(d).

this case for appropriate consideration of the request for Rule 37(c) attorney fees, following entry of final judgment in *Flaherty I*. We do not address Muther and Woods's additional arguments, and we impose no sanctions pursuant to M.R.App. P. 13(f) as requested by the J–Lot owners.

The entry is:

Judgment vacated. Remanded to the Superior Court for proceedings consistent with this opinion.