**BOND BUILDERS, INC., et al.**

v.

**COMMERCIAL UNION INSURANCE CO., et al.**

Supreme Judicial Court of Maine.

Argued Jan. 4, 1996.
Decided March 13, 1996.

Samuel W. Lanham, Jr. (orally), Cuddy & Lanham, Bangor, for Commercial Union Ins. Co.

Christopher C. Taintor (orally), Norman, Hanson & DeTroy, Portland, for Hanover Ins. and Mass. Bay.

Roger Innes, Mt. Desert, for Bond Builders.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

In this declaratory judgment action plaintiffs Bond Builders, Inc. and Robert Bond seek a determination as to which of three insurers owe a duty to defend them in a tort action brought against them by Mark S. Santos. Commercial Union Insurance Company provided workers' compensation insurance to the plaintiffs. Massachusetts Bay Insurance Company provided liability insurance to the plaintiffs under a comprehensive general liability policy. Hanover Insurance Company insured the plaintiffs under an umbrella policy. On cross-motions for a summary judgment the Superior Court (Hancock County, *Marsano, J.*) determined that only Commercial Union was required to defend plaintiffs. Both Commercial Union and the plaintiffs appeal. We vacate the judgments of the Superior Court and remand for entry of a judgment declaring that Commercial Union has no duty to defend the plaintiffs, but Massachusetts Bay Insurance Company and Hanover Insurance Company do owe duties to defend.

■■■ We review the trial court's order granting a summary judgment for errors of law. *N E Properties, Inc. v. Chicago Title Ins. Co.*, 660 A.2d 926, 927 (Me.1995). A duty to defend is determined by comparing the allegations in the underlying complaint with the provisions of the insurance policy. *Id.* The "insured is entitled to a defense 'if there exists any legal or factual basis which could be developed at trial which would obli-gate the insurers to pay under the policy.' " *Id.* (quoting *Baywood Corp. v. Maine Bonding & Casualty Co.*, 628 A.2d 1029, 1030 (Me.1993) (citation omitted)). An insurer's duty to defend is a question of law. *Id.* 660 A.2d at 927.

The underlying complaint brought against the plaintiffs and Gary Scott Archer alleges in pertinent part:

Defendant Robert Bond was the head supervisor and president of Bond Builders Inc.; The Defendant Bond Builders Inc. and the Defendant Bond were the employer of Defendant Archer and Plaintiff Santos, and the Defendant Archer was a foreman and the employee and servant of the Defendants Bond and Bond Builders Inc., while Plaintiff, who has been deemed ineligible for workers compensation benefits, was a carpenter working for the said Defendants.

The complaint goes on to allege that (1) Archer committed an assault and battery upon Santos, (2) Bond Builders failed to maintain a safe worksite, (3) Bond Builders failed to supervise its employees, (4) Bond Builders' tortious conduct caused Santos to suffer severe emotional distress, (5) Santos suffered employment discrimination in violation of the Maine Civil Rights Act, the Maine Human Rights Act, and the United States Civil Rights Acts, and (6) Bond Builders' actions constitute actual malice.

It is against the allegations contained in the underlying complaint that we compare the insurance policies. *Northern Sec. Ins. Co. v. Dolley*, 669 A.2d 1320 (Me.1996).

I.

■■■ The policy issued by Commercial Union is entitled "Workers Compensation And Employers Liability Insurance Policy." By virtue of Part One of the policy Commercial Union undertakes to

pay promptly when due the benefits required of [Bond Builders, Inc.] by the [Maine] workers' compensation law

and obligates Commercial Union

to defend at [Commercial Union's] expense any claim, proceeding or suit against

[Bond Builders, Inc.] for benefits payable by this insurance.

On its face Commercial Union owes no duty, by virtue of Part One of its policy, to defend Santos's tort claim action. By virtue of Part Two of its policy, Commercial Union agrees to defend Bond Builders and pay damages where recovery is permitted by law. Santos's complaint does not allege facts stating a cause of action for which Commercial Union's Employers Liability Insurance Policy provides coverage. Pursuant to 39–A M.R.S.A. § 104 (Supp.1995), an

> employer who has secured the payment of compensation in conformity with sections 401 to 407 is exempt from civil actions, either at common law or under sections 901 to 908; Title 14, sections 8101 to 8118; and Title 18–A, section 2–804, involving personal injuries sustained by an employee arising out of and in the course of employment, or for death resulting from those injuries.

Pursuant to 39–A M.R.S.A. § 408, an "employee of an employer who has secured the payment of compensation as provided in sections 401 to 407 is deemed to have waived the employee's right of action at common law and under section 104 to recover damages for the injuries sustained by the employee." The exclusivity and immunity provisions of the Workers' Compensation Act bar Santos's common law tort claims. *See Li v. C.N. Brown Co.*, 645 A.2d 606, 607 (Me.1994) (the exclusivity and immunity provisions of the Workers' Compensation Act bar employees from pursuing civil litigation against their employers for injuries sustained in the course of and arising out of employment). The Employer's Liability Law, now 39–A M.R.S.A. §§ 901–909 (1995), under certain circumstances, gives the employee the same common law rights he would have against the employer if he had not been an employee at the time of the injury. It does not create an independent statutory cause of action for employment related injuries. *Beverage v. Cumberland Farms Northern Inc.*, 502 A.2d 486, 488 (Me.1985). Common law tort claims under the Employer's Liability Law thus are barred by the exclusivity provisions of the Workers' Compensation Act. *Id.* at 489.

■ The exclusivity provisions of the workers' compensation law do not apply to bar Santos's claim for employment discrimination because it is neither an action at common law nor within Title 39–A, sections 901–908; Title 14, sections 8101 to 8118; or Title 18–A, section 2–804. Commercial Union's employer liability policy, however, specifically excludes from coverage damages arising out of discrimination against any employee. Thus, Commercial Union has no duty to defend pursuant to the Employer Liability section of its policy. Because Commercial Union's policy does not cover Santos's common law tort action or employment discrimination claim, the court erred in ordering Commercial Union to defend Bond Builders.

## II.

■ The comprehensive general liability insurance policy issued by Massachusetts Bay Insurance Company to Bond Builders, Inc. obligates Massachusetts Bay to

> pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . .

excepting

> [a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

The policy obligates Massachusetts Bay "[t]o defend any 'suit' seeking those damages."

The insuring obligation under the Hanover policy parallels the insuring obligation under the Massachusetts Bay policy only with respect to damages

> (a) Not covered by "underlying insurance" or other valid and collectible insurance available to insured; or

> (b) Covered by "underlying insurance" or other valid and collectible insurance available to the insured except for exhaustion of a limit of liability or limit of insurance by the payment of losses.

The Santos complaint, on its face, alleges that Santos received bodily injury as a result

of the negligent acts of Robert Bond and Bond Builders. Massachusetts Bay and Hanover argue that the duties alleged to have been breached by Bond at Bond Builders are duties imposed by virtue of Santos's status as an employee of Bond Builders, the liability for which is specifically excluded under both policies. Massachusetts Bay and Hanover, however, fail to recognize that the complaint does not allege that Santos's injuries arose out of and in the course of his employment. In fact the contrary is alleged. The Santos complaint alleges a factual basis that could be developed at trial to obligate Massachusetts Bay and Hanover to pay under their policies. Thus Massachusetts Bay and Hanover have a duty to defend the plaintiffs in the action brought against them by Mark S. Santos.

The entry is:

Judgment vacated. Remanded for entry of a judgment declaring (1) Commercial Union Insurance Company has no duty to defend Robert Bond and Bond Builders, Inc. and (2) both Massachusetts Bay Insurance Company and Hanover Insurance Company are obligated to provide a defense to Robert Bond and Bond Builders, Inc. in connection with the personal injury tort action brought against them by Mark S. Santos.

All concurring.