## COMMERCIAL UNION INSURANCE COMPANY et al.

v.

## David ALVES et al.

Supreme Judicial Court of Maine.

Submitted on Briefs April 24, 1996.

Decided June 3, 1996.

---

favor of Commercial Union on the issue of its duty to defend and indemnify.

At the time of her injury Nicola Dana Taylor and Alves were married and lived in the same household. After obtaining a divorce Taylor filed a four count complaint against Alves alleging: negligence, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Commercial Union commenced the present action for a declaratory judgment seeking a declaration that it had no duty to defend and indemnify Alves against Taylor's complaint. The court subsequently granted Taylor's motion to intervene as a defendant. *See* M.R.Civ.P. 24(a). The parties filed cross-motions for a summary judgment. Following a hearing, the court granted Alves's motion, determining that Commercial Union had a duty to defend Alves against Taylor's complaint and a duty to indemnify Alves in the event Taylor recovers a judgment against him based on either negligence or negligent infliction of emotional distress. In response to Commercial Union's motion for findings of fact and conclusions of law the court issued a second order explaining its decision. This appeal followed.

■ The policy's coverage for personal liability states:

Coverage E—Personal Liability

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence"[1] to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable ...; and

2. Provide a defense at our expense....

The applicable exclusion provision to Coverage E states:

2. Coverage E—Personal Liability, does not apply to: ...

Wayne P. Doane, Cuddy & Lanham, Bangor, for Plaintiff.

Randal E. Watkinson, Strout & Payson, P.A., Rockland, C. Donald Briggs, III, Cloutier & Briggs, P.A., Rockport, for Defendants.

Before WATHEN, C.J. and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Commercial Union Insurance Company and The Northern Assurance Company appeal from a summary judgment entered in the Superior Court (Penobscot County, *MacInnes, J.*) in favor of David Alves on Commercial Union's complaint for a declaratory judgment declaring that the terms of a homeowners policy issued to Alves provides no duty to defend and indemnify Alves against claims brought by his former wife. We vacate the summary judgment in favor of Alves and grant a summary judgment in

1. "Occurrence" is defined as "an accident, including continuous or repeated exposure to sub-

stantially the same general harmful conditions, which results, during the policy period, in:

f. "Bodily injury"[2] to you or an "insured" within the meaning of part a. or b. of "insured" as defined.

The policy's definitions section states:

In this policy, "you" and "your" refer to the "named insured" . . . and the *spouse* if a resident of the same household. . . .

3. "insured" means you and residents of your household who are:

a. Your relatives; or

b. Other persons under the age of 21 and in the care of any person named above.

(Emphasis added).

The court found that the term "relative" is ambiguous and concluded that as a matter of law a spouse is not classified as a relative in this case and therefore the exclusion does not apply. We review the trial court's order granting a summary judgment for errors of law. *Bond Builders, Inc. v. Commercial Union Ins. Co.*, 670 A.2d 1388, 1389 (Me.1996).

 An insurer's duty to defend is a question of law that is determined by comparing the allegations in the underlying complaint with the provisions of the insurance policy. *Id.* An insurer must defend the insured if any legal or factual basis exists which could be developed at trial that would obligate the insurers to pay under the policy. *Id.* Taylor's complaint alleges four counts: negligence, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Without deciding whether the court erred in construing the term "relative," the term "you" in the policy includes a spouse living with the named insured. It is undisputed that Taylor and Alves were married and resided in the same household at the time that Alves allegedly caused Taylor's injuries. The exclusion provision of the policy states that personal liability coverage does not apply to bodily injury to *"you* or an 'insured.' " (Emphasis added). Based on the plain language of the policy the exclusion is applicable and therefore Commercial Union has no duty to defend and indemnify Alves against claims brought by his former wife.

The entry is:

Judgment vacated. Remanded for entry of summary judgment in favor of Commercial Union on the issue of its duty to defend and indemnify.

All concurring.

a. 'Bodily injury;' or b. 'Property damage.' "

2. "Bodily injury" is defined as "bodily harm, sickness or disease, including required care, loss of services and death that results."