STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  DOCKET NO. CV-15-243


TRACEY A. SWETT,


Plaintiff,


v.                                                **ORDER**


SANFORD/SPRINGVALE VFW POST 9935,
DEPARTMENT OF MAINE, VETERANS OF
FOREIGN WARS OF THE UNITED STATES,


Defendants.


## I.      Background

### A.      Procedural History

Plaintiff Tracey Swett brings this action against defendants Sanford/Springvale Veterans of Foreign Wars Post 9935 ("the Post") and Veterans of Foreign Wars of the United States Department of Maine ("the Maine VFW"). Count I of the complaint alleges gender discrimination and retaliation under the Maine Human Rights Act against the Post; Count II alleges negligent supervision against the Maine VFW. The plaintiff has settled her claim with the Post. Before the court is the Maine VFW's motion to dismiss.

### B.      Facts

From October 2013 until March 2014, Tracey Swett was employed as a bartender at the Post. (Compl. ¶ 5.) During her employment, she experienced several incidents of sexual harassment by her immediate superior and manager, John Sequin. (Compl. ¶¶ 5, 8

1

8.) Harassment included unwanted touching and advances. (Compl. ¶¶ 14-16.) After Sequin attempted to kiss Swett, she reported the conduct to her supervisor, Sandy Masino. (Compl. ¶¶ 13, 18, 20.) Nothing was done, and Swett was later told that if there were more complaints, there would be retaliation. (Compl. ¶¶ 20-21.) Swett also experienced harassment and derogatory name-calling by patrons, prompting her to request that they be barred from the Post. (Compl. ¶ 22.) Sequin refused to bar those patrons despite the fact other patrons had been barred for similar conduct. (Compl. ¶ 22.)

The Maine VFW is a nonprofit organized in 1947 to oversee subordinate units of the Veterans of Foreign Wars such as the Post on a state level and to serve as an intermediary to the national organization. (Compl. ¶ 44.) Swett alleges the Maine VFW failed to educate Post employees about sexual harassment and discrimination policies and procedures and further failed to adequately train, supervise, and discipline Sequin in order to prevent such harassment and discrimination at the Post. (Compl. ¶¶ 46-47.)

## II. Discussion

### A. Motion to Dismiss Standard

"When the trial court acts on a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), facts are not adjudicated; instead the allegations in the complaint are evaluated to determine if there is 'any cause of action that may reasonably be inferred from the complaint.'" *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, 125 A.3d 1141 (citation omitted). The court will grant a motion to dismiss "only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676 (citation omitted).

2

The Maine VFW puts forth several arguments that plaintiff's single claim for negligent supervision fails to state a claim and the court should dismiss the complaint.

## B.    Whether Plaintiff's Common Law Claims Are Barred or Preempted

The Maine VFW first argues that plaintiff's negligent supervision claim is either preempted by the Maine Human Rights Act (MHRA), or barred by the Workers' Compensation Act (WCA)'s exclusivity and immunity provisions. See 39-A M.R.S. §§ 104, 408 (barring civil actions for "personal injuries sustained by an employee arising out of and in the course of employment" and stating that employees compensated under the WCA waive the right to bring common law causes of action); *see also Hawkes v. Commercial Union Ins. Co.*, 2001 ME 8, ¶ 7, 764 A.2d 258 ("[Section 104] is considered to be the immunity provision, and [Section 408] is the exclusivity provision. Because of the cross-reference in section 408 to section 104, the provisions are interrelated and, for the purposes of this case, coextensive.") In determining whether an employer may assert immunity under the WCA, the court "look[s] look to the gist of the action and the nature of the damages sought to determine whether the claim for injury is excluded." *Id.* ¶ 8.

A claim for negligent supervision arising out of sexual harassment in the workplace is clearly a common law claim potentially compensable under the WCA and thus barred by the WCA's exclusivity provision. *See Knox v. Combined Ins. Co.*, 542 A.2d 363, 364 (Me. 1988); *see also Bond Builders v. Commercial Union Ins. Co.*, 670 A.2d 1388, 1390 (Me. 1996) (noting exclusivity and immunity provisions of the WCA barred plaintiff's common law tort claims, including negligent supervision).

The WCA does not, however, bar the plaintiff from asserting a claim under the MHRA. *See, e.g., Bond Builders v. Commercial Union Ins. Co.*, 670 A.2d 1388, 1390

3

(Me. 1996) (holding "exclusivity provisions of the workers' compensation law do not apply to bar Santos's claim for employment discrimination"); *Ramirez v. DeCoster*, No. 2:11-cv-00294-JAW, 2012 U.S. Dist. LEXIS 86266, at *51 (D. Me. June 21, 2012) (*Woodcock, J.*) ("The notion that an employer would be free to discriminate against an employee on the basis of his race or age, for example, because the employee had sustained a work-related injury is unsettling and the Court rejects the Defendants' motion to dismiss on these questionable grounds.")

Unclear at this stage, however, is whether the Maine VFW is an "employer" within the meaning of the WCA. Defendant's arguments that plaintiff failed to plead the Maine VFW's status with adequate precision is unavailing because Maine is a notice pleading state. *See Johnston v. Me. Energy Recovery Co., Ltd. P'ship*, 2010 ME 52, ¶ 16, 997 A.2d 741 (requiring only "a short and plain statement of the claim to provide fair notice of the cause of action") (citation omitted). Plaintiff has alleged that the Maine VFW can be held liable for the sexual harassment and discrimination she experienced while working at the Post. These facts are sufficient at a motion to dismiss stage to state "any cause of action" upon which relief may be granted. *Marshall*, 2015 ME 135, ¶ 2, 125 A.3d 1141.

In arguing the negligent supervision claim is barred by the WCA, defendant focuses upon the fact the harassment and discrimination at issue took place during plaintiff's employment. Defendant does not, however, expressly concede that it is an "employer." Plaintiff argues she did not allege the Maine VFW was an "employer" because she was unaware of the nature of the relationship between the local VFW posts and the state organization. If the Maine VFW is indeed conceding "employer" status,

plaintiff requests leave to amend to assert a claim under the MHRA. (Pl.'s Opp. Mot. Dismiss 2.)

The court will deny the motion to dismiss Count II. Plaintiff shall have leave to amend to allege a claim under the MHRA. If the Maine VFW is an employer or treated as one under the MHRA,[1] the negligent supervision claim will be dismissed. *See Knox*, 542 A.2d at 364; *see also Paquin v. MBNA Mktg. Sys.*, 195 F. Supp. 2d 209, 211 (D. Me. 2002) (holding the Maine law would not permit a plaintiff to pursue negligence claims in addition to sex discrimination claims). If not, then plaintiff may be able to proceed on negligent supervision claim, provided she can establish Maine VFW had a duty to prevent harm to her by third parties.[2] Defendant has not argued that plaintiff has failed to state a claim for lack of duty,[3] but pressed only arguments that these tort claims are barred by the WCA or duplicative of a claim under the MHRA.

---

[1] The Law Court has declined to decide whether to follow federal precedent recognizing an entity can be treated as the "employer" for purposes of the MHRA whether the actual employer and a parent entity are an "integrated enterprise." *Daniels v. Narraguagus Bay Health Care Facility*, 2012 ME 80, ¶¶ 24-25, 45 A.3d 722; *Batchelder v. Realty Res. Hosp., LLC*, 2007 ME 17, ¶ 11, 914 A.2d 1116.

[2] The Law Court recognizes the tort of negligent supervision as forth in Section 315(b) of the Restatement, which states there is no duty to prevent harm by a third person to another unless "a special relation exists between the actor and the other which gives to the other a right to protection." *See Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶ 39, 871 A.2d 1208 (citing Restatement (Second) of Torts, § 315(b)).

[3] In support of duty, plaintiff cites *Brown v. Delta Tau Delta*, 2015 ME 75, 118 A.3d 789. Relying on several precedents, the Law Court in that case held that a national non-profit organization of a fraternity chapter assumed a duty under a premises liability theory to provide a "reasonable safe environment" to business invitees. *Id.* ¶ 27. The court relied on the foreseeability of a sexual assault in a fraternity house, the national organization's control over the local chapter, and the relationship between the organization and individual fraternity brothers in concluding that a duty existed and the plaintiff could proceed on her premises liability claim. *Id.* ¶¶ 15-27. This case involves negligent supervision, not premises liability, and thus it appears *Fortin* would apply. *See supra* note 2.

5

## C.    The Settlement Agreement

Defendant last argues[4] that the settlement agreement entered between the Post and Swett also settled the claim against the Maine VFW. The Maine VFW was not a signatory to the settlement agreement, nor referenced anywhere in the language of the agreement, but defendant contends the organization falls within the broad definition of "Releasees," which includes the Post's "affiliates." (Def.'s Reply Ex. 1.) Defendant further argues that if the Maine VFW is an "employer" as a matter of law, it should be treated as "employer" as that term is defined in the settlement agreement. On these two grounds, defendant argues that the settlement agreement bars plaintiff's claims against the Maine VFW.

"Settlement agreements are analyzed as contracts." *Marie v. Renner*, 2008 ME 73, ¶ 7, 946 A.2d 418. "A contract is given its plain meaning if the terms are clear." *State Farm Mut. Auto. Ins. Co. v. Koshy*, 2010 ME 44, ¶ 9, 995 A.2d 651.

The settlement agreement clearly defines Sanford/Springvale VFW Post 9935 as "Employer" (as that term is used in the agreement) and indicates an intent "to settle all claims between *them*," as in the plaintiff and the Post. (Def.'s Reply Ex. 1.) The plain language of the settlement agreement cannot be fairly read to release plaintiff's claim against the Maine VFW. The motion to dismiss on this ground will be denied.

## III.    Conclusion

In light of the foregoing, the defendant's motion to dismiss is denied and plaintiff shall have leave to amend to assert a claim against the Maine VFW under the MHRA.

---

[4] This argument was raised for the first time in the reply brief, to which plaintiff has responded, which is impliedly permitted under the rules because the reply raised a new argument. *See* M.R. Civ. P. 7(c)(e) ("strictly" confining reply memoranda to "new matter raised in the opposing memorandum").

Whether Maine VFW is an "employer" within the meaning of the act or had a duty supporting a claim for negligent supervision will be determined at a later stage.

The entry shall be:

Defendant's motion to dismiss is DENIED. Plaintiff shall have leave to amend the complaint.

SO ORDERED.

DATE: April 26, 2016

John O'Neil, Jr.
Justice, Superior Court

7

CV-2015-243

ATTORNEY FOR PLAINTIFF:
BRIAN BARRINGTON, ESQ.
COOLIDGE LAW FIRM PLLC
98 HIGH STREET
SOMERWORTH, NH 03878

ATTORNEY FOR DEFENDANT SANFORD/SPRINGVALE VFW
MELISSA HEWEY, ESQ.
MICHAEL BUESCHER, ESQ.
DRUMMOND WOODSUM
84 MARGINAL WAY SUITE 600
PORTLAND, ME 04101-2480

ATTORNEY FOR DEFENDANT DEPT OF ME VETERANS
MARIA FOX, ESQ.
MITTEL ASEN LLC
85 EXCHANGE ST 4TH FLOOR
PORTLAND, ME 04101-5036