STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2021-323

)
MMG INSURANCE COMPANY, )
)
Plaintiff, )
)
v. )
)
STEPHEN NUTE, JR. and KRISTAL )
FECTEAU, WESLEY JOHNSON and )
DANIELLE JOHNSON, MADISON )
HEIGHTS HOMEOWNERS )
ASSOCIATION, and KERRI-ROSE, )
LLC, )
)
Defendants. )

**ORDER ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

REC'D CUMB CLERKS OFC
JAN 19 '22 PM3:47

Before the Court is Plaintiff MMG Insurance Company's ("MMG") Motion for Summary Judgment on its Complaint for declaratory judgment. For the following reasons, the Court grants the Motion.

I. **Facts**

The following is drawn from MMG's statement of material facts in support of its Motion for Summary Judgment. Defendants did not timely file an opposition to MMG's Motion or any additional material facts. Accordingly, all properly supported facts submitted by MMG are deemed admitted.

Defendant Kerri-Rose, LLC ("Kerri-Rose") filed a lawsuit in this court, captioned Kerri-Rose, LLC v. Madison Heights Homeowners Association, et als., Docket No. RE-2021-49 ("the Easement Action"). (Pl.'s S.M.F. ¶ 1.) In the Easement Action, Kerri-Rose alleges that the defendants, who are the same parties as the defendants in this action, interfered with Kerri-Rose's easement over a roadway within Defendant Madison

Heights Homeowners Association ("MHHA"). (Pl.'s S.M.F. ¶ 2.) Kerri-Rose, a corporate entity, is the only named plaintiff in the Easement Action. (Pl.'s S.M.F. ¶ 3.)

The Easement Action includes nine counts: declaratory judgment of easement (Count I), declaratory judgment of express easement (Count II), declaratory judgment of easement by estoppel (Count III), declaratory judgment of easement by implication (Count IV), declaratory judgment of easement by necessity (Count V), nuisance/intentional interference with easement rights (Count VI), intentional interference with contractual/business relations (Count VII), slander of title (Count VIII), and negligence (Count IX). (Pl.'s S.M.F. ¶¶ 4, 5.) The facts Kerri-Rose alleges in the Easement Action regarding Defendants Nute and Fecteau are, in brief, that Mr. Nute and Ms. Fecteau have put up signs denying the easement's existence, yelled at potential buyers of Kerri-Rose's property about the easement, and attempted to deed the roadway to MHHA. (Pl.'s S.M.F. ¶ 6.)

At the time of this conduct, Mr. Nute and Ms. Fecteau maintained a homeowner's insurance policy, # HC13686765 ("the Policy"), issued by MMG. (Pl.'s S.M.F. ¶ 7.) The Policy provides that MMG will defend at its expense by counsel of its choice if a claim is made against the insured "for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies." (Pl.'s S.M.F. ¶ 11.) The Policy defines "bodily injury" to mean "bodily harm, sickness or disease, including required care, loss of services and death that result." (Pl.'s S.M.F. ¶ 13.) The Policy defines "property damage" to mean "physical injury to, destruction of, or loss of use of tangible property." (Pl.'s S.M.F. ¶ 14.) Finally, the Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. 'Bodily injury'; or b. 'Property damage.'" (Pl.'s S.M.F. ¶ 12.)

MMG argues that it is entitled to summary judgment on its Complaint for declaratory judgment that it has no duty to defend Mr. Nute and Ms. Fecteau in the Easement Action because no claim in the Easement Action may fall within the scope of coverage of the Policy.

## II. Legal Standard

A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer demonstrates that there is no genuine issue as to any material fact in dispute, and that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. A court may consider documents at the summary judgment stage when the documents are attached to an affidavit that authenticates the documents according to M.R. Civ. P. 56(e). *Ocean Cmtys. Fed. Credit Union v. Roberge*, 2016 ME 118, ¶ 8 n.2, 144 A.3d 1178.

A contested fact is material if it could potentially affect the outcome of the case. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. A genuine issue of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504).

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* The evidence offered in support of a genuine issue of material fact "need not be persuasive at that stage, but the evidence

must be sufficient to allow a fact-finder to make a factual determination without speculating."[1] *Est. of Smith v. Cumberland County*, 2013 ME 13, ¶ 19, 60 A.3d 759.

## III.  Discussion

Whether an insurer has a duty to defend is a question of law. *Harlor v. Amica Mut. Ins. Co.*, 2016 ME 161, ¶ 7, 150 A.3d 793. The duty to defend "is determined by comparing the allegations in the underlying complaint with the provisions of the insurance policy." *Com. Union Ins. Co. v. Alves*, 677 A.2d 70, 72 (Me. 1996). "[T]he threshold for triggering an insurer's duty to defend is low." *Irving Oil, Ltd. v. ACE INA Ins.*, 2014 ME 62, ¶ 12, 91 A.3d 594. The Law Court has held that "[r]egardless of extrinsic evidence, if the complaint—read in conjunction with the policy—reveals a mere *potential* that the facts may come within the coverage, then the duty to defend exists." *Cox v. Commonwealth Land Title Ins. Co.*, 2013 ME 8, ¶ 9, 59 A.3d 1280.

The Policy provides that a duty to defend exists only for claims "for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies." The Policy defines "bodily injury" to mean "bodily harm, sickness or disease, including required care, loss of services and death that result." Plainly, the complaint in the Easement Action includes no claim for bodily harm, sickness, or disease. Moreover, Kerri-Rose, not a natural person, could not possibly suffer bodily injury so defined. As defined in the Policy, property damage means only "physical injury to, destruction of, or loss of use of tangible property." The Easement Action includes no claim for damage to tangible property.[2] Thus, there is no possibility that any claim in the

---

[1] Each party's statements must include a reference to the record where "facts as would be admissible in evidence" may be found. M.R. Civ. P. 56(e). A party's opposing statement of material facts "must explicitly admit, deny or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." *Stanley v. Hancock Cnty. Comm'r*, 2004 ME 157, ¶ 13, 864 A.2d 169.

[2] As MMG notes, an easement is a nonpossessory right to enter and use land and is, therefore, intangible property. *See Testa's, Inc. v. Coopersmith*, 2014 ME 137, ¶ 12, 105 A.3d 1037.)

Easement Action may fall within the scope of coverage of the Policy. MMG, therefore, is entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, a comparison of the complaint in the Easement Action and the Policy reveals that MMG has no duty to defend Mr. Nute and Ms. Fecteau in the Easement Action. Accordingly, the Court grants MMG's Motion for Summary Judgment on its Complaint for declaratory judgment.

The entry is:

MMG's Motion for Summary Judgment on the Complaint for declaratory judgment is GRANTED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 1/19/2022

MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 1/20/2022